JOHN PATTERSON *v.* ORLANDO HUBBS.

A civil action, in which the plaintiff in  his  own  name sets  forth in his
complaint that he is the tax collector for a certain county, and that the
defendant has usurped the office, and has  unlawfully received the fees.
and emoluments thereof, cannot be brought under the 189th section of
the C. C. P., and thereby obtain an  injunction to restrain the defend-
ant from acting in said office.

The 189th section of the C. C. P., which provides as to a civil action  that
"when, during the litigation, it shall appear that the defendant is do-
ing or threatens, or is about to do, or procuring or suffering some act
to be done in  violation of the plaintiff's rights respecting the subject.
of the action, and  tending  to render  the judgment ineffectual, a tem-
porary injunction may be granted to restrain such act," does not apply
to cases of the usurpation of  a  *public office*, but  is confined to cases.
where some *private right* is a subject of controversy, and the act sought
to be restrained would produce injury to the alleged right of the plain-
tiff during the litigation.

When the subject of a controversy  is the right to a public office, the ac-
tion should be  brought  by the attorney-general under the 366th sec-
tion of C. C. P., in the name of the  people  of the State, and if it be-
against a person for usurping a public office, the attorney-general, in
addition to the statement of the cause of action, "may  also  set forth
in the  complaint the name of the person rightfully entitled to the of-
fice with a statement of his right thereto; and in such case upon proof
by affidavit that the defendant has received fees or emoluments belong-
ing to the office, and by means of his usurpation thereof, an order may

be granted by a Judge of the Supreme Court for the arrest of such defendant, and holding him to bail;" as in other civil actions where the defendant is subject to arrest.

This was an action in which the plaintiff, claiming that he was tax collector for the County of Craven, applied for an order for an injunction against the defendant, who alleged that he was Sheriff of the said County, and as such had the right to collect the taxes of the County, embracing those the collection of which was claimed by the plaintiff. A temporary injunction was granted upon the filing the complaint, and upon the trial before *Clarke, J.,* at the last term of the Superior Court for the County of CRAVEN, the injunction was ordered to be continued, and the defendant appealed. The facts are sufficiently stated in the opinion of the Court.

*Seymour & Green* for the defendant.
*Manly & Haughton* for the plaintiff.

PEARSON, C. J. It is provided (C. C. P., sec. 366,) "an action may be brought by the Attorney General in the name of the people of the State," &c., "when any person shall usurp, intrude into, or unlawfully hold or exercise any public office," &c. Sec. 369, "whenever such action shall be brought against a person for usurping an office, the Attorney General may also set forth the name of the person rightfully entitled to the office, and in such case upon proof by affidavit, that the defendant has received fees and emoluments belonging to the office, an order may be granted by a Judge of the Supreme Court, for the arrest of the defendant, and holding him to bail," &c.

The case made by the pleadings falls within the words and meanings of these two sections. The plaintiff alleges that the defendant has usurped the office of tax collector, and has unlawfully received the fees and emoluments of the office.

The defendant claims to be entitled to the office, and to the fees and emoluments thereof.

The action is not instituted under this provision, but under sec. 189, C. C. P. We are of opinion the action as instituted cannot be maintained.

It is provided, (sec. 189,) " when it shall appear by the complaint that the plaintiff is entitled to the relief demanded, and such relief or any part thereof consists in restraining the commission, or continuance of some act, which would during the litigation, produce injury to the plaintiff—or when during the litigation it shall appear that the defendant is doing some act in violation of plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, temporary injunction may be granted to restrain such act."

We have seen that our case is covered by the provisions of secs. 366 and 369. The question is, does sec. 189 embrace the case? It is not easy to conceive a reason for embracing a case under both of these provisions so as to make the remedy cumulative, and give to the plaintiff an election to proceed in the one mode or the other.

We are of opinion that sec. 189 does not apply to cases of the usurpation of a public office, but is confined to cases where some private right is a subject of controversy, and the act sought to be restrained would produce injury to the alleged right of the plaintiff during the litigation. In such cases the appropriate remedy is a temporary injunction to prevent the commission or continuance of the act, for no one is affected by the injunction, save the parties to the action.

But when the subject of controversy is the right to a public office, an injunction to prevent the exercise of the office would produce general inconvenience; for instance, an injunction against one who it is alleged, has usurped the office of the Clerk of a Court, forbidding him to discharge the

duties of the office, would stop all judicial proceedings and the public would be made to suffer by this mode of contesting the right to the office, and to the fees and emoluments. Hence, in this, and the like cases, the appropriate remedy is not an injunction, but an order, holding the defendant to bail as a security for the fees and emoluments, if it turns out that he has usurped the office, and wrongfully received the fees and emoluments, leaving him until the right can be adjudicated to, go on in the discharge of the duties, so that the public service may have no detriment from the contest in regard to the right to the office, this objection is fatal.

The Act of 1865, chap. 32, has no bearing on the case. In *Brodnax* v. *Croom*, 64 N. C. 244, it is held "the act includes only cases which involve the constitutional power to impose the tax, or to authorize it to be done, and the remedy by injunction against the collection of State and County taxes does not embrace questions as to the mode of valuing property, the sufficiency of the Sheriff's bond, and the like, which may be called matters of detail. No question of this character is involved in the case now under consideration; it is simply a controversy in regard to the office of tax collector and the fees and emoluments thereof.

The judgment in the Court below is reversed, and this Court proceeding to give such judgment as ought to be rendered; it is adjudged that the action be dismissed, and the defendant go without day and recover his cost.

PER CURIAM.                    Judgment reversed.