Vliet vs. Sherwood.

VLIET VS. SHERWOOD.

INJUNCTION. (1, 2) *Not issuable until bill filed.* (3) *In suit for, order sustaining demurrer to complaint dissolves. Cannot be continued, pending amendment of complaint.*

1. By the general practice of courts of equity of this country, where a bill for an injunction is the proper jurisdictional pleading, the writ will not issue until after the bill is filed.

2. Under the code (R. S., ch. 129, secs. 1, 2), an injunctional order cannot be granted in this state, in a suit, before complaint.

3. In a suit for an injunction, after an injunctional order had been granted on the complaint alone, an order overruling the demurrer to the complaint as not stating a cause of action was reversed by this court; and the circuit court, on vacating such order, gave plaintiff leave to amend her complaint, and continued the injunction until further order, and denied defendant's motion to vacate the orders granting and continuing such injunction. *Held*,

(1) That the order sustaining the demurrer would probably, *ex proprio vigore*, have dissolved the injunction, if it had not been expressly continued.

(2) That the order continuing the injunction was in excess of authority, there being nothing to rest it upon except the summons and affidavits merely in support of the complaint, which had been adjudicated not to state a cause of action.

4. Defendant's said motion to vacate was resisted upon affidavits which stated that plaintiff did not intend to discontinue her action, but to amend her complaint, and that she would be greatly injured if the injunction were dissolved. *Held*, that, under our statute, the injunction could not be sustained on a mere affidavit, without a complaint; and that, if this were otherwise, there was nothing in this affidavit to sustain the injunction; and the court erred in refusing to vacate it.

APPEAL from the Circuit Court for *Green Lake* County.
*Taylor & Sutherland*, for appellants.
*A. B. & H. T. Hamilton*, for respondent.

RYAN, C. J. The general rule in courts of equity is, that injunctions can issue only upon bill filed, with proper prayer for the writ. Originally, it appears, this rule had no exception;

for it was one of the articles of impeachment against Cardinal Wolsey, as chancellor, that he had granted injunctions without bill put in. 4 Coke's Inst., 92. In later times, a practice grew up in the English chancery to issue the writ, in cases of extreme urgency, upon petition duly verified, before bill filed. Eden, 231. This practice appears to have been adopted by some courts in this country. *Peck v. Crane*, 25 Vt., 146. But it does not appear to have generally prevailed in cases proper for bill, though injunctions may issue on petition when that is the proper jurisdictional pleading. *Re Hemiup*, 2 Paige, 316. The practice has never prevailed in this state. R. S. 1839, 286, sec. 40; R. S. 1849, ch. 84, sec. 13. It would not be difficult to assign reasons why it should be regarded as an inconvenient and dangerous practice. But that is unnecessary, as it is still prohibited by the code. R. S., ch. 129, secs. 1, 2; 1 Van Santvoord's Eq., 355.

This cause was here some time ago, upon appeal from an order overruling the appellant's demurrer to the respondent's complaint. This court reversed the order and sustained the demurrer, upon the ground that the respondent showed no right to the relief she prayed. *Vliet v. Sherwood*, 35 Wis., 229. Upon filing the *remittitur* from this court, the court below vacated the order overruling the demurrer, and sustained the demurrer to the complaint; but, on motion of the respondent, gave leave to amend the complaint, and continued the injunction until further order. The appellant then moved to vacate the orders granting and continuing the injunction, which the court below refused to do. From these orders continuing the injunctional order and refusing to vacate it, the present appeals are taken.

We are inclined to think that the order sustaining the demurrer would, *ex proprio vigore*, have dissolved the injunction, if it had not been expressly continued; and that the order continuing it was, in effect, an order granting an injunction *de novo*. For the authority of the court below to grant the in-

junction rested on the complaint; and the order sustaining the demurrer left the cause resting on the summons alone, without a complaint.

Be that as it may, it seems to us very plain that the order of the court below continuing the injunction, without complaint, without evidence, without color of right in the respondent appearing of record, was an excess of authority. We say without evidence, for the affidavits on file did not go beyond verification of the complaint, which this court had held to state no cause of action. So that the substitute for the great equitable writ, so remedial when rightly applied and so oppressive when wrongly applied, actually went out against the appellant upon no case or showing except the naked summons and the oral motion of the respondent's counsel.

We take the same view of the order refusing to vacate. The appellant was entitled to the dissolution of the injunction *ex debito justitiæ*. For the affidavit of the respondent's husband, filed to resist the motion to vacate, stated no facts for an injunction to rest upon, if an injunction could rest on affidavit without pleading: gave no color of ground for refusing to vacate.

It states that the respondent does not intend to discontinue the action, but to amend her complaint; how to amend it, it does not show. She may possibly amend her complaint in some way, to show some cause of action, to entitle her to some injunction; neither the court below nor this court can judge, in advance, what way, or what action, or what injunction. But such a suggestion cannot aid this injunction, issued according to the prayer of this complaint, adjudged bad on demurrer. It states that great injury would accrue to the respondent, by the action of the appellant, if the injunction should be dissolved. But apprehension of injury *de facto*, which may not be injury *de jure*, does not make a right of action; and this court had held, and so had the court below adjudged, that the action of the appellant from which the injury stated is apprehended, is

the legal right of the appellant on the respondent's own showing. The affidavit also states, in effect, that the respondent's complaint is good, notwithstanding the judgment of this court that it is bad. This is the first occasion, as far as we are aware, that our errors of judgment have been sworn to of record. And we feel at liberty to suggest that the court below was not altogether warranted in taking the word of the deponent for it, even under oath.

But we apprehend that the learned and able judge of the court below was misled from his own clearer and better judgment by the case of *Furniss v. Brown*, 8 How. Pr., 59, in which a similar practice was followed. That was the ruling of a single judge, apparently not well considered, unsustained by authority or satisfactory reasoning. It is wholly unsupported by the rule sometimes held by courts of equity, under the old chancery practice, that leave to amend a bill does not necessarily dissolve an injunction. *Seldon v. Vermilya*, 4 Sandf. Ch., 573. For, in that case, there always remained a bill to support the injunction. And, for reasons already apparent in this opinion, we cannot regard *Furniss v. Brown* as authority in this state.

*By the Court.* — The orders appealed from are reversed.