STATE on the relation of JAMES CAMPBELL and others *v.* J. J. WOLFENDEN and others.

The Judge below *erred* in granting an injunction, by which the persons in possession of the offices of Mayor and Aldermen of a city, and actually performing the duties of those offices, are restrained from all official acts.

It is not sufficient to allege that the persons filling the offices were not regularly or rightfully elected; but it must also appear that they are abus'ng or about to abuse their possession of official power to the public injury; and that the public will sustain no damage by the suspension for an indefinite time of all city government.

SETTLE, J. *Dissenting.*

This was a MOTION in the cause heard before *Seymour, J.* at Fall Term, 1875, of the Superior Court of CRAVEN county.

The defendants moved the court to vacate the restraining order heretofore granted. His Honor upon the hearing, allowed the motion, whereupon the plaintiffs appealed. All other facts necessary to an understanding of the case as decided in this court, are stated in the opinion of Justice RODMAN.

*Green* and *Lehman,* for the appellant.
*Hubbard* and *Smith & Strong,* contra.

RODMAN, J. This is a proceeding in the nature of a *quo warranto,* calling on the defendant Wolfenden as Mayor, and the other defendants as Aldermen of the city of Newbern, to show by what right they hold their respective offices, and demanding judgment that they be declared usurpers and amoved; and also asking for an injunction against their exercising the rights and powers of their offices until the final hearing of the case. WATTS, J. granted a restraining order, with liberty to defendants to move before SEYMOUR, J. to vacate it, which he did upon the pleadings. From his order

to that effect, plaintiffs appealed to this court. The plaintiffs have demurred to the answer, and we assume for the present purpose the facts therein pleaded to be true. The Judge below might in this state of the pleadings, have proceeded to decide the case on its merits, but he did not. All that we have to consider therefore is, the propriety of his interlocutory judgment vacating the restraining order. We concur with the Judge that the restraining order was improvidently granted and ought to be vacated. To grant an injunction by which the persons in possession of the offices of Mayor and Aldermen of a city, and actually performing the duties of those offices, are restrained from all official acts, is to leave the city without a government, and a prey to all the evils which a city government is designed to prevent. It cannot be considered a trivial or indifferent thing. In the present case no bond at all was required from the relators. But any bond which might have been given, would have been only for the indemnity of the defendants, and not of the public. If a city government had not been deemed necessary to the public welfare, the legislature would not have established it. All courts are bound to assume that it is useful and necessary, and that the circumstances must be rare and peculiar which will justify a court in suspending it. It cannot be sufficient that it shall be alleged and be made to appear probable, or even clear, that the persons filling the offices were not regularly or rightfully elected; but it must also appear that they are abusing or about to abuse their possession of official power to the public injury, and that the public will sustain no damage by the suspension for an indefinite time of all city government.

It appears that the relators were elected to the offices in question in May, 1874, to hold for one year, and (we will assume) until their successors were regularly elected. In May, 1875, an election was held under an act of the Legislature, ratified on March 11th, 1875, at which the defendants were elected. The relators allege that the act referred to contained

provisions which have been held to be contrary to the Constitution; *Canady* v. *Van Bokelen*, 73 N. C., 198, and that consequently the election of 1875 was void, and that they are entitled to hold over. They also allege that defendants are collecting taxes, &c., but they do not allege that defendants have done, or about to do, any specific unlawful act to the public injury. It is admitted that after the election, in 1875, the relators voluntarily gave up the corporate seal of the city and all the city property to the defendants; and one of the relators, being a Justice of the Peace, without objection from the others, administered their official oaths to the defendants. If the question before us was on the respective rights of the relators and of the defendants to the offices, the argument that the relators, if they otherwise had a right to hold over, abandoned it, would be pertinent, and we should consider it a weighty one. But, as we have said, the question before us is only as to the continuance of the injunction. There is no reason why it should be continued. It is not necessary to the trial of the question of right between the parties. And certainly it cannot be permitted to litigants so to conduct their personal controversies as to injure or inconvenience the public. The people of Newbern cannot be deprived in the interest and upon the motion of one set of rival claimants of the city offices, of the benefits of a city government. They are entitled to have the city offices constantly filled by persons capable of performing the official duties, and responsible for their non-performance.

PER CURIAM. Judgment affirmed. The defendants will recover costs in this court. Let this opinion be certified.