JOHN G. JONES v. THE COMMISSIONERS OF GRANVILLE and others.

*Practice—Title to Public Office—Injunction.*

An injunction is not the appropriate and specific mode of trying title to a public office.

      (*Patterson* v. *Hubbs*, 65 N. C. 119, cited and approved.)

MOTION for an Injunction heard at Spring Term, 1877, of GRANVILLE, Superior Court, before *Buxton, J.*

This was a motion by the plaintiff for an order to prevent the defendant commissioners from inducting into office their co-defendant, Manly B. Jones, who was re-elected County Treasurer in 1876, and was notified to appear and give bond which he failed to do. And thereupon the defendants declared that there was a vacancy and appointed the plaintiff to fill the same. The said Manly B. Jones persisting in his claim to hold over until the new Board elect were allowed to qualify (see *Moore* v. *Jones*, 76 N. C. 182, 188, 189) has refused to surrender to the plaintiff, the books, &c., of said office. The plaintiff was duly qualified by executing an official bond and taking the oath of office. His Honor refused the motion and the plaintiff appealed.

*Mr. J. B. Batchelor*, for plaintiff.
*Messrs. Merrimon, Fuller & Ashe*, and *T. B. Venable*, for defendants.

FAIRCLOTH, J. The plaintiff alleges that he is the Treasurer of Granville County and that he is "in said office and in the full, perfect, and indisputable enjoyment thereof." He also alleges that he believes that it is the "intention and purpose" of the defendant, the Board of Commissioners, to qualify and induct one Manly B. Jones into said office, and

that it is his " intention and purpose " thereafter to claim that he is entitled to exercise and discharge the duties of said office.

The defendant, M. B. Jones, avers in his answer that he is and has been for several years the legal Treasurer of said County, and the plaintiff prays for an injunction restraining the defendants from qualifying and inducting said M. B. Jones into said office as aforesaid.

We have thus stated the position of the parties, not for the purpose of expressing any opinion on the principal question discussed in this Court, but merely to show the actual state of the pleadings as now constituted. It is manifest that the intention of the plaintiff is to have the disputed title to said office decided, and yet he fails to allege a state of facts to justify an investigation of that question. He fails to allege that he has been disturbed in any manner in his office, or that he has been deprived of the emoluments thereof. On the contrary he avers that he is in the full, perfect, and undisputed enjoyment of his office. We are therefore of opinion that if the alleged facts would justify the investigation, still an injunction is not the appropriate and specific mode of trying title to a public office. *Patterson* v. *Hubbs*, 65 N. C. 119.

The plaintiff does say, he believes the defendant M. B. Jones intends to claim said office, but he does not allege any act or threat on the defendant's part indicating such a purpose, nor any other fact or circumstance from which the Court could determine whether his belief is well founded, or whether he is unnecessarily alarmed. The idea of removing a cloud from the plaintiff's title is not indicated or suggested in his complaint, and is inconsistent with its positive averments.

There is no error.

PER CURIAM. Judgment affirmed.