R. G. SNEED v. B. F. BULLOCK.

*Practice--Title to Public Office--Motion.*

Title to a public office cannot be tried by *motion.*
(*Jones* v. *Com'rs of Granville, ante,* 280 ; *Patterson* v. *Hubbs,* 65 N. C.
119 ; *Brown* v. *Turner,* 70 N. C. 93, cited and approved.)

APPEAL from an Order made at Spring Term, 1877, of
GRANVILLE Superior Court, before *Buxton, J.*
The facts appear in the opinion.

*Mr. J. B. Batchelor,* for plaintiff.
*Messrs. Merrimon, Fuller & Ashe* and *T. B. Venable,* for
defendant.

FAIRCLOTH, J.  Here we have rather a novel proceeding
for trying title to an office, which is the only object of the
plaintiff's appeal.  During a session of the Superior Court,
the defendant presents his credentials from the Board of
County Commissioners, showing that he has been qualified
and inducted into the office of Sheriff, so far as said Board
had authority to do so.   The Judge after full consideration
directed the Clerk to deliver all his future process and pre-
cepts to the defendant.   The plaintiff, who had been dis-
charging the duties of said office for some time and still
claimed the right to do so, resisted and appealed from said
order to this Court.   No action has been instituted, no com-
plaint or answer filed, and no trial below except as above
stated.
   We have held in *Jones* v. *Commissioners of Granville, ante,*
280, that title to an office cannot be tried by an injunction,
and we now hold that it cannot be tried by motion.   It has
been several times declared that the appropriate and precise

mode of trying title to an office is by an action in the nature
of a *quo warranto.* *Patterson* v. *Hubbs,* 65 N. C. 119 ; *Brown*
v. *Turner,* 70 N. C. 93.

PER CURIAM.                                    Appeal dismissed.