THE DISTRICT TOWNSHIP OF SOLDIER ET AL. V. BARRETT ET AL.

1. **School District**: INJUNCTION: INTERFERENCE WITH SCHOOL.    The question as to who is legally employed to teach a school, and who is authorized to make such employment, cannot properly be determined in an action to restrain one who assumes to act as sub-director, or a teacher employed by him, from interfering with the school.

2. ———: ———: NUISANCE.    The application for an injunction, on the ground that the conduct of the parties constitutes a nuisance, cannot be granted without notice to them of the time and place where it is to be made.

*Appeal from Crawford Circuit Court.*

SATURDAY, OCTOBER 20.

THE sole object of this action is to enjoin the defendants from interfering with and disturbing a public school.    A temporary injunction was granted, which on motion was dissolved, and the plaintiffs appeal.

*Donald & Hanegan*, for appellants.

*Tabor & Tabor*, for appellees.

SEEVERS, J.—The petition states that the District Township of Soldier is a corporation under the laws of Iowa, and that M. P. Hanegan is a teacher in the public school in sub-district No. 2, in said district township; that said Hanegan entered into a contract as provided by law, which was approved by the proper officers of the district, and entered upon the discharge of his duties; that the defendants entered the school house, and refused to admit the said Hanegan therein, and excluded a portion of the children therefrom; that the "conduct of the defendants is a nuisance greatly annoying and injuring the other parties interested in said school." The relief asked is "that the said J. C. Barrett be restrained and enjoined from attempting to act as sub-director, or interfering with the teaching of the said school by the said M. P. Hanegan, and that the said Lizzie Wakham be restrained and enjoined from interfering with, teaching, or attempting to teach, school in the school house now occupied by the said Hanegan."

The temporary injunction granted was properly dissolved for several reasons.

1. It is evident that this is an attempt to determine which of two persons has the right to teach the school, and that this

1. SCHOOL district: injunction: interference with school. question, to some extent at least, depends on who is the legal sub-director in the district township. This cannot be done in this action. A plain, adequate, if not a speedy, remedy is provided by law, for the determination of questions of this character. Had such an action been brought, we incline to the belief that, upon a proper showing, an injunction might have been obtained in aid of such action, to the end that the school might continue until the action at law was determined.

2. The ground upon which the right to an injunction is based is that the acts of the defendants constitute a nuisance.

2. ———: ———: nuisance. Before an injunction can rightfully issue to "restrain a nuisance    *    *    *    reasonable notice

of the application to the party to be enjoined" must be given. Code, § 3391. No such notice having been given, the injunction was properly dissolved.

3. Under Code, § 4023, if the defendants unlawfully and willfully disturbed the school, they were guilty of a misdemeanor, and we incline to think a prosecution under this statute would have been amply sufficient. If wrong in this, we are unwilling to hold that the discretion vested in the Circuit Court was improperly exercised.

AFFIRMED.