Foster v. Moore.

---

## JOHN FOSTER v. JOSEPH MOORE.*

INJUNCTION AGAINST OFFICER, *Not Sustained in Supreme Court.* Plaintiff, claiming to be the duly-elected, qualified and acting county attorney of Saline county, brings his suit in this court, against the defen lant, to obtain a judgment prohibiting him from exercising or attempting to exercise any power or duty of the office of such county attorney, and asks for a restraining order pending the suit. On motion of the defendant to dismiss the action, *held*, that this court has no jurisdiction of the subject-matter, or power to grant the relief demanded, and that such action cannot be maintained in this court.

---

*SEE, in Appendix to this volume, the opinion of the U. S. Supreme Court in the case of John Foster, County Attorney of Saline County, Kansas, plaintiff in error, *v.* The State of Kansas, *ex rel.* W. A. Johnston, Attorney General of the State of Kansas: Rule on Joseph Moore to show cause why he should not be attached for contempt in violating the *supersedeas* therein.—[REPORTER.

*Original Proceedings in Injunction.*

ACTION brought in this court, May 7, 1884, by *Foster* against *Moore.* The nature of the action, and the facts, appear in the opinion, filed at the October, 1884, session of the court.

*John Foster,* plaintiff, for himself.

*Garver & Bond,* for defendant.

The opinion of the court was delivered by

HURD, J.: Motion for a temporary restraining order, and motion to dismiss the action. The plaintiff filed an original petition in this court, alleging that he was duly elected to the office of county attorney of Saline county, and has entered upon the duties of the office, and has since continuously performed such duties; that about the 25th day of April, 1884, the defendant usurped and intruded into and now unlawfully claims to hold and exercise the said public office, and is doing and attempting to do and perform certain acts in such office, without the legal right to do so; that the public welfare and peace of society demand that he be restrained from performing any public duty in such office pending the litigation involved in the petition; that both the plaintiff and the defendant are recognized by the clerk of the district court of the county as such county attorney, and by him permitted to file informations as county attorney in such court; and that said defendant is attempting to exercise the duties of the office to the injury of the plaintiff and the public. The final judgment prayed for is, that the defendant be prohibited from exercising or attempting to exercise any power or duty in such office; and plaintiff asks further that pending the suit, the defendant be restrained from exercising any act or duty of the office.

The plaintiff gave notice of this motion for an order restraining the defendant from exercising any act or duty in the office of county attorney pending the litigation. The defend-

ant filed his motion to dismiss the action, for the reason that this court has no jurisdiction of it. The motions were heard together.

This is an original suit brought in this court, the sole purpose and object of which, as shown by the petition, is, to prohibit the defendant from exercising or attempting to exercise any power or duty of the office of county attorney of Saline county. Section 3 of article 3 of the constitution confers upon this court original jurisdiction in proceedings in *quo warranto, mandamus,* and *habeas corpus,* and neither the constitution nor the statutes give it jurisdiction in original suits for injunction, or to issue restraining orders pending such suit.

We think this court has no jurisdiction in this action, and therefore the motion to dismiss it is sustained.

All the Justices concurring.