## CARTER v. McFARLAND.

School District: TREASURER: ELECTION AT ADJOURNED MEETING: HOLDING OVER. The board of directors of a school district township met for the election of a treasurer on the third Monday of September, as required by section 1721 of the Code, and elected a person to that office, and then adjourned to the first day of October to give him an opportunity to accept or decline. At the meeting held pursuant to the adjournment he appeared and declined the office, and the board again adjourned to the fifteenth of October, when another ballot was had, resulting in a tie. The board again adjourned to the eighth of November, when plaintiff was elected treasurer. Prior to this, however, the defendant, who had been treasurer for the previous year, claiming that he had a right to hold over, filed his bond and oath of office with the president of the board, but the board refused to accept and approve it. In an action of *quo warranto* to oust the defendant, *held*—

    (1) That, since the board entered upon the business of electing a treasurer on the day prescribed by statute, it might complete said business at any adjourned meeting,—the theory of the law being that an adjourned meeting is but a continuation of the regular one from which the adjournment was taken.

(2) That the refusal to accept by the person chosen at the regular meeting did not entitle defendant to hold over, because the meeting adjourned to a day fixed for the very purpose of learning whether he would accept or not, and his refusing at the adjourned meeting was the same in law as if he had been present and refused at the regular meeting; and thereupon the board had the right to proceed as if no ballot had been taken.

*Appeal from Palo Alto District Court.*—Hon. George H. Carr, Judge.

Filed, September 8, 1888.

This is an action in *quo warranto* to determine who is the treasurer of the school-district township of West Bend, in Palo Alto county. The plaintiff filed the petition, claiming that he was the duly-elected and qualified treasurer, and that the defendant was unlawfully usurping said office, and a judgment of ouster was prayed against the defendant. A demurrer to the petition was overruled, and the defendant appeals.

*B. E. Kelly* and *Clarke & Call,* for appellant.

*Soper & Allen,* for appellee.

Rothrock, J.—It appears from the averments of the petition that the defendant held the office in question for the year preceding the third Monday of September, 1887. It is provided by section 1721 of the Code that a treasurer shall be elected at the regular meeting of the board of directors on the third Monday of September. At the regular meeting in September, 1887, an election was had, and one David McFarland was duly elected, and the board adjourned until the first day of October, 1887, in order to give said McFarland an opportunity to accept or decline the office. The board met pursuant to adjournment, and said McFarland appeared and declined to accept the office. Thereupon the board adjourned until the fifteenth of October, 1887, at which time they met and proceeded to ballot for a treasurer. The ballot resulted in a tie, three votes being cast for the plaintiff,

and three for defendant. One of the members of the board was not in attendance at this adjourned meeting. Thereupon the board adjourned, without making an election, until the eighth day of November, 1887, in order that a full attendance of the board might be had. A meeting was held on the eighth day of November, pursuant to the adjournment, and the plaintiff was elected to said office. The plaintiff accepted the office, and his bond was afterwards accepted and approved by the board, and the defendant was, by a resolution of the board, ordered to turn over to the plaintiff all the books, papers and money in his hands belonging to said district ; and, the business being concluded, the adjourned session of the regular September, 1887, meeting adjourned without date. At the regular meeting in September, 1887, the board fixed the treasurer's bond at three thousand dollars, and when David McFarland failed to qualify as treasurer, and after the failure to elect at the adjourned meeting on October 15, the defendant left with the president of the board a bond in the sum named with sufficient sureties, and with his oath of office indorsed thereon. The board refused to accept or approve said bond.

The defendant, by his demurrer, claims that the plaintiff was not legally elected as the successor of the defendant, and that defendant was therefore entitled to qualify anew, and hold the office for another year. It will be observed that the statute requires the treasurer to be elected at the regular meeting of the board on the third Monday in September. If the board had met and transacted the other business, and adjourned without day, and without giving attention to the election of a treasurer, the defendant would have held over, under section 784 of the Code. But attention was given to the election of a treasurer, and an adjournment was had in order to give the person elected an opportunity to accept or decline the office. This and all other adjournments were had for the purpose of selecting a treasurer for the ensuing year. It is not required that an election shall be held on the third Monday in September. Adjournments

of that meeting may be made, and any business required to be done at the regular meeting may be transacted at the adjourned meeting. "A regular meeting, unless special provision is made to the contrary, may adjourn to a future fixed day ; and at such meeting it will be lawful to transact'any business which might have been transacted at the stated meeting, of which it is, indeed, but the continuation." 1 Dill. Mun. Corp. sec. 225.

But the defendant contends that as the board elected David McFarland, and he refused to accept, it was the right of the defendant to qualify anew, and hold over. The claim is made under the provisions of section 690 of the Code, which is as follows: "When it is ascertained that the incumbent hold over another term by reason of the non-election of a successor, or for the neglect or refusal of the successor to qualify, he shall qualify anew, within a time to be fixed by the officer who approves of the bonds of such officers." If the board was required to elect on a day certain, and did elect on that day, and the person elected afterwards refused to qualify, it may be that the board would have no right to hold a called or special meeting, and hold another election. But, as we have seen, the several adjournments were merely continuations of the regular meeting. They were just the same as adjourning from day to day until the business of the meeting should be completed. If David McFarland had been present when the election was had on the third Monday in September, and refused to accept the office, the board had the power to immediately proceed to elect another person, and, as the adjourned meetings were but a continuation of the regular meeting, the board could at any of the adjourned meetings lawfully do what it could have done on the third Monday in September. We think the ruling of the district court in overruling the demurrer was correct.

AFFIRMED.