HUELS, Respondent, vs. HAHN, Appellant.

*December 11, 1889 — January 7, 1890.*

*Equity: Injunction: Action to try title to office.*

An equitable action will not lie to try the title to an office. So *held*, where an injunction was sought to restrain a person acting as mayor of a city, from exercising the functions of that office, on the ground that he was a usurper.

APPEAL from the Circuit Court for *Washington* County. The case is stated in the opinion.

*H. W. Sawyer*, for the appellant, to the point that the facts stated in the complaint showed no ground for equitable interference, cited *State ex rel. Att'y Gen. v. Messmore*, 14 Wis. 164; *State v. Bloom*, 17 id. 521; *Dean v. Gleason*, 16 id. 1; *Laver v. McGlachlin*, 28 id. 364; *State v. Bartlett*, 35 id. 287; *State ex rel. Wood v. Goldstucker*, 40 id. 124; *Sprague v. Brown*, id. 612; *Chicago & N. W. R. Co. v. Langlade Co.* 56 id. 614; *Hadley v. Mayor*, 33 N. Y. 609; *Tappan v. Gray*, 7 Hill, 259; McCrary on Elections, 199; 5 Wait's Act. & Def. 9–37; *Hulseman v. Rems*, 41 Pa. St. 396; *Robinson v. Milwaukee*, 61 Wis. 585; *Chicago v. Wright*, 69 Ill. 318; *Sage v. Fifield*, 68 Wis. 546; *People ex rel. Wood v. Draper*, 24 Barb. 265; *Beebe v. Robinson*, 52 Ala. 66; *West v. Ballard*, 32 Wis. 172; *Hullman v. Honcomp*, 5 Ohio St. 237; *Demarest v. Wickham*, 63 N. Y. 320; *Cochran v.*

*McCleary*, 22 Iowa, 75; *Markle v. Wright*, 13 Ind. 548; *Hagner v. Heyberger*, 7 Watts & S. 104; *Attorney General v. Utica Ins. Co.* 2 Johns. Ch. 371.

*H. K. Butterfield*, for the respondent.

Lyon, J. This is an appeal by the defendant from an order of the circuit court denying a motion to dissolve a temporary injunction in the action allowed by a court commissioner. The city of Hartford, in Washington county, is divided into two wards, and the common council of the city consists of five members, to wit, the mayor of the city and two aldermen from each ward. It is undisputed that such common council has legal authority conferred upon it, either by the city charter or the authorized votes of a majority of the electors, to purchase land, and erect thereon a city hall and other public buildings, to raise money therefor by the issue and sale of city bonds to a limited amount, and to draw orders upon the city treasurer to pay the cost of such land and buildings.

This is an action in equity, brought by a citizen and tax-payer of the city, to restrain the defendant from voting in the council in the capacity of mayor in favor of making such purchase, or erecting such buildings, or purchasing materials therefor, or issuing such bonds, or drawing such orders. The temporary injunction, which the court refused to dissolve, restrains him from giving such votes.

It is not claimed that the mayor of Hartford may not lawfully vote in the council for either or all of the above objects, but the right of the defendant to do so is challenged on the sole ground that he is not the mayor (although it is conceded that he is acting as such) but a usurper of the office. The facts stated in the complaint upon which the charge of usurpation is founded are briefly these: Early in the present year there was a vacancy in the office of mayor, and the defendant was duly elected to fill the same.

He qualified, and entered upon the discharge of the duties of the office. The regular annual election for mayor was held April 2, 1889. There were but two candidates,— the defendant and one J. R. Rice,— each of whom received 176 votes. It was the duty of the common council to choose one of them for mayor by lot, but by a vote of three to two the common council refused to do so. The defendant is one of the three, and thus, by his vote, prevents the choice of a mayor. He continues to exercise the powers and perform the duties of the office. Mr. Rice has sued out an alternative writ of *mandamus* from the circuit court against the council, commanding it to proceed to determine by lot the election of mayor or show cause to the contrary. This proceeding is still pending and undetermined.

Inasmuch as the city charter provides that the mayor shall hold his office for a specified term and until his successor is elected and qualified, and inasmuch as it has not yet been authoritatively determined who the defendant's successor is, whether himself or Mr. Rice, it is not very clear to our minds how the present right of defendant to exercise the office can be successfully questioned. It does not seem to us important that he claims to have been elected on April 2d over Mr. Rice, and to hold the office under such election, and has filed his oath of office. As a matter of fact, we are inclined to think he is holding over under his election to fill the vacancy, no matter if he asserts another, and an unfounded, claim to the office. But it is not necessary to determine whether the defendant is lawfully exercising the functions of mayor, and we do not determine that question. Our judgment goes upon another ground.

In substance and effect this is an action in equity to try the right of the defendant to the office. The remedy sought is not one which a court of equity can give, but is solely of legal cognizance. When the court, in the *mandamus* proceeding, shall compel the common council to determine the

election, if it is determined in favor of Mr. Rice the same court, in a proceeding at law, will compel the defendant to surrender the office to him. There is here no authorized field for the interposition of a court of equity.

All the facts above stated appear in the complaint. Although a verified answer was interposed, and the motion to dissolve the injunction was founded upon the pleadings, we have not considered the answer. The complaint failing to state a case for relief in equity, a general demurrer thereto would be sustained. It therefore furnishes no sufficient basis for an injunction, and the motion to dissolve the injunction should have been granted. *Vliet v. Sherwood*, 37 Wis. 165.

*By the Court.*— Order reversed, with directions to the circuit court to dissolve the temporary injunction.