STATE OF IOWA *ex rel de al* v. CHARLES ALEXANDER, Appellant.

**Appointments:** COUNCIL PROCEEDINGS. A city ordinance directed the council to appoint a street commissioner at the first regular meeting in each year, on the third Monday in March, who should hold office for one year and until a successor was appointed    Code, 1873, section 784, provides that every officer appointed for a fixed term shall hold over until his successor shall be appointed unless otherwise provided by statute    The council at its meeting in March, after voting several times without result, adjourned *sine die,* without appointing relator's successor as street commissioner, and afterwards approved relator's bond as a hold-over officer, although such approval was afterwards reconsidered and lost. *Held,* that relator was continued in office, and the council could not at a subsequent meeting appoint a successor.

SAME: *Tie vote.* On a vote by a city council to appoint a certain person as street commissioner, three members voted yea, two did not vote, and one voted for another person. the latter three were recorded as voting no, and the mayor, deciding that there was a tie, voted yea and declared the motion carried. *Held,* that under Code, 1873, section 493, requiring all appointments of city officers by a city council to be made by a majority vote of the whole number elected to the council, and that the records show for whom they voted, such proceeding was void.

VOL. 107 Ia—12

RECORDS OF COUNCIL: *Parol variance*   A record of a vote of a city council which shows on its face that three members voted yea and three no, may be contradicted by parol to show that two of the latter did not vote at all, where it also shows that members not voting were counted as voting no.

Municipal Officers: TESTING RIGHT TO OFFICE: *Courts.*   Under Code, 1873, section 3345, authorizing an action "against any person unlawfully holding any public office or franchise within the state," the district court has jurisdiction of an action to test the right to office of a street commissioner appointed by the city council under Code, 1873, section 524, authorizing a city council to provide by ordinance for such city offices as should be necessary, though there is an ordinance which provides a contest before the council as to *elective* municipal officers.

Injunction.   Code, 1873, section 3386, authorizing an injunction in certain actions by ordinary proceedings, does not authorize a court to enjoin a public officer from exercising the duties pertaining to his office, in an action to test his right to hold it, where the pleadings show that he was in actual possession of the office and discharging its duties at the time the action was commenced

*Appeal from Harrison District Court.*—HON. G. W. WAKE-FIELD, Judge.

THURSDAY, JANUARY 19, 1899.

ACTION commenced by ordinary proceedings to test the right of defendant to hold the office of street commissioner of the city of Missouri Valley.   An amendment to the petition was filed, in which was asked a temporary writ of injunction to restrain the defendant from exercising any of the duties pertaining to the office until further order of court, and to require him to turn over to the relator the tools and other property pertaining to the office.   The injunction was granted as prayed.   There was a trial on the merits, and a judgment in favor of the plaintiff.   The defendant appeals.—*Modified* and *affirmed.*

*Frank Tamisiea* and *S. H. Cochran* for appellant.

*C. W. Kellogg* and *J. S. Dewell* for appellee.

ROBINSON, C. J.—Missouri Valley is a city of the second class.   One of its ordinances establishes the office of street

commissioner, and provides that it shall be filled by the city council; that at the first regular meeting after the taking effect of the ordinance, and annually thereafter at the regular meeting in March of each year, the council shall appoint a street commissioner, who shall continue in office for the term of one year and until his successor is elected and qualified, unless sooner removed by a vote of the council. Another ordinance provides "that at the first regular meeting of the city council in each year, on the third Monday in March, the said city council shall, by a majority vote of all the members thereof, appoint" a street commissioner and certain other officers, "who shall hold their office for the term of one year and until their successors in office are duly appointed and qualified." The relator was duly appointed street commissioner in March, 1896, gave the official bond required, and discharged the duties of the office until April, 1897. He has never been removed from the office by a vote of the council, and he claims that his successor has not been appointed; that he gave a new bond to secure the faithful performance of his duties as a hold-over officer; and that the defendant wrongfully claims the office. The defendant claims that he was duly appointed to the office by the city council at a meeting held on the sixth day of April, 1897, and that he gave an official bond, which was approved as required by the ordinance.

I. The appellant contends that the district court erred in assuming jurisdiction of this action for the following reason: That the office in controversy was not created by law, but by ordinance, and the city council alone had jurisdiction to entertain a contest. Section 524 of the Code of 1873 authorized the city council to provide by ordinance for such city officers as should be necessary for the good government of the city, and the office in question was created by virtue of that authority. An ordinance of the city provided that the election of any city officer might be contested on the same ground and for the same causes specified in cases of contested elections of county officers, and that the

proceedings should be before the city council. But the ordinance applies to elective offices, and not to those filled by appointment of the council, and this case did not fall within its provisions. Section 3345 of the Code of 1873 authorized a civil action by ordinary proceedings "against any person unlawfully holding or exercising any public office or franchise within this state, or any office in any corporation created by this state," and conferred jurisdiction upon district courts of actions against persons unlawfully holding or exercising the functions of an office properly established by a city council. *State v. Funck,* 17 Iowa, 365. This is not an action to contest an election, but to test the right of the defendant to hold and perform the duties of a public office, and, necessarily, to test the validity of the appointment under which he claims authority to act. The relator was authorized to prosecute the action by an order of a judge of the proper district court.

II.    The ordinance of the city provided, as we have seen, that the street commissioner should be appointed on the third Monday in March. On that day in the year 1897, the members of the council voted seven times for persons to fill the office, but, no candidate having received a majority vote of the members of the council, a motion to adjourn, but not to any specified date, was carried. On the sixth day of April another meeting was held, and, a motion to appoint the defendant as street commissioner having been made, the mayor, who was presiding announced that on the roll call all who favored the motion should, when their names were called, answer yea, that those opposed should answer no, and that those present and not voting would be recorded as voting no. Three members of the council voted yea; two did not vote, and one voted for a man not named in the motion, and the three were recorded as voting no; and the mayor, deciding that there was a tie, voted yea, and declared the motion carried. The purpose of recording as voting in the negative members of the council who did not vote for the motion was to create an apparent tie, and thus

permit the mayor to vote as he was authorized by the rules of the council to do when the members of the council were equally divided.   Section 784 of the Code of 1873 provided that every officer elected or appointed for a fixed term should hold office until his successor should be elected and qualified, unless the statute under which he was elected or appointed expressly declared the contrary.   The ordinance of the city enacted under the authority of section 524 of the Code of 1873 provided that the street commissioner should hold his office for the term of one year and until his successor should be elected and qualified.   It was said in *Carter v. McFarland,* 75 Iowa, 196, a case which involved the appointment of a treasurer of a school district, that if the board of directors, which had the appointing power, had met on the day fixed by law for the appointment, and after transacting other business had adjourned without day, and without giving attention to the election of a treasurer, the incumbent would have held over under section 784.   What was thus said is applicable to this case.   The council met at the time fixed by the ordinance, and, after failing to appoint a street commissioner, adjourned without day.   The relator afterwards tendered a bond as a hold-over officer, and the bond was approved by the council, although the record of the proceedings of the council at a meeting held after this action was commenced shows that the approval was re-considered and lost, but a new bond was not required.   We are of the opinion that what was done had the effect to continue the relator in office.

III.—But, if the failure of the council to appoint a street commissioner at the time fixed by ordinance and an adjournment without day did not deprive the council of the power to make the appointment at a subsequent meeting, we think that what was done cannot be given the effect of an appointment.   It is said, however, that the record is regular on its face and cannot be contradicted by parol evidence.   That such a record is conclusive for some purposes may be conceded; but without deciding that a person adversely interested, who was not in any manner a

party to or responsible for a record regular on its face, cannot question it in a collateral proceeding, we hold that the rule invoked cannot apply in this case, for the reason that the record shows that in a certain contingency,—that is, if members of the council were present who did not vote on the motion to appoint the defendant,—nevertheless they would be recorded as voting in the negative. Under these circumstances, we are of the opinion that parol evidence to show the fact was properly received. Section 493 of the Code of 1873 required all appointments of city officers by a city council to be made *viva voce,* by a majority of the whole number of members elected to the council, and that the record show for whom they voted. The city ordinance also required the appointment to be made by a majority vote of all the members of the council. The evidence shows that there was not in fact a tie, and the right of the mayor to a casting vote was limited to cases where there is a tie. Code 1873, section 531. Therefore, he had no right to vote in this case, and the action taken was of no effect.

IV. We are next required to consider the amendment to the petition, and the injunction. Section 3346 of the Code of 1873 provided that to an action commenced by virtue of the preceding section there should be no joinder of any other cause of action, and it is insisted that the district court wrongfully permitted the plaintiff to amend his petition by pleading facts on which a temporary injunction was asked and granted. It is the general rule that courts of equity have no jurisdiction to determine the respective rights of claimants to a public office, for the reason that the remedy at law is adequate; and it is also the general rule that an injunction will not lie to restrain a person acting as a public officer from exercising the functions pertaining to the office on the ground that he is not entitled to the office. *Cochran v. McCleary,* 22 Iowa, 75; *Delahanty v. Warner,* 75 Ill. 185; *Heffran v. Hutchins,* 160 Ill. 550 (43 N. E. Rep. 709); *Huels v. Hahn,* 75 Wis. 468 (44 N. W. Rep. 507); *Foster v.*

*Moore,* 32 Kan. 483 (4 Pac. Rep. 850) ; *McDonald v. Rehrer,* 22 Fla. 198; *Markle v. Wright,* 13 Ind. 548; *Burke v. Leland,* 51 Minn. 355 (53 N. W. Rep. 716) ; *Jones v. Commissioners,* 77 N. C. 280; *Hagner v. Heyberger,* 7 Watts & S. 104; *Updegraff v. Crans,* 47 Pa. St. 103; *Beebe v. Robinson,* 52 Ala. 66; *Moulton v. Reid,* 54 Ala. 320; *State v. Wolfenden,* 74 N. C. 103; 2 High Injunction, sections 1312, 1313.   It has been held that an injunction will lie in favor of the incumbent of an office, to protect him in the discharge of the duties of the office against an adverse claimant, until the latter shall have established his right to the office by an action or proceeding at law.   *Guillotte v. Poincy,* 41 La. Ann. 333 (6 South Rep. 507) ; *Reemelin v. Mosby,* 47 Ohio St. 570 (26 N. E. Rep. 717) ; *Armijo v. Baca,* 3 N. M. (Gild.) 490 (6 Pac. Rep. 938).   We next inquire, under which of the rules stated does the injunction asked in this case fall ?   The original petition shows that the defendant was "exercising the office of street commissioner" under an appointment made by the city council, although it was also averred that the appointment was illegal, and that the defendant was exercising the duties of the office unlawfully.   The amendment to the petition states that the principal duties of the street commissioner are to collect poll taxes and take charge of and supervise work on the streets ; that the relator is ready to perform the duties of the office, and to receive all benefits to be derived from it; that numerous persons refuse to pay poll taxes because both the relator and the defendant claim the right to collect them, and that, if both continue to make such claims, a large number of perons will refuse to pay poll taxes, and that in consequence the city will lose such taxes ; that the defendant has taken possession of a part of the tools and implements which belong to the street commissioner; that if allowed to continue in the course he is pursuing he will greatly interfere with the relator and impede the work, and will in a large measure deprive the relator of the benefits of the office, and subject the city to loss ; that the defendant is insolvent, and the relator

is without remedy at law for damages. Facts are also alleged which show that the defendant was, formally at least, appointed street commissioner, and that the appointment was illegal. The petition as amended fails to show that the relator is in possession of the office in controversy, and discharging its duties, but does show that the defendant is discharging the duties of the office under a claim by virtue of an appointment made by the body in which the appointing power was vested, and that he is in possession of a part, if not all, of the property which pertains to the office. The answer contains a general denial, and alleges that the defendant is, and has been since the sixth day of April, 1897, the duly-qualified and acting street commissioner, and has since been engaged in performing the duties of the office. The answer also contains a statement as to the amount of work the defendant has done as street commissioner. The evidence shows that, although the relator claimed to act as street commissioner after the sixth day of April, 1897, he was virtually ousted from the office on the twelfth day of April by officers of the city before this action was commenced, and after that date the defendant performed the duties of the office until the injunction was served. It thus appears from the pleadings, and also from the evidence, that when this action was commenced, and when the petition was filed, the defendant was in actual possession of the office in question and discharging its duties. The plaintiff relies upon section 3386 of the Code of 1873 and the cases of *District Tp. v. Barrett,* 47 Iowa, 110; *Cochran v. McCleary,* 22 Iowa, 75; and *State v. Simpkins,* 77 Iowa, 676, as authorities for the action taken by the district court. The statute cited authorized an injunction in some actions brought by ordinary proceedings, but it does not necessarily apply to such actions as this. The first case cited was an attempt to determine which of two persons had the right to teach school, and was held not to be the proper method of determining questions of that character. It was said that a plain and adequate remedy was provided by law,

and it was suggested that had such an action been brought it might have been aided by injunction, to the end that the school might continue until the action should be determined. In the case of *Cochran v. McCleary* it was decided that the right to a public office or franchise cannot be decided in equity upon an original bill for an injunction, but it left undetermined the question as to the right to an injunction as auxiliary to the main proceeding. In the case of *State v. Simpkins,* which was an action in the nature of a *quo warranto,* it was held that the injunction therein was improvidently issued, and the only reason given for that conclusion was that "the action was commenced by the county attorney in the name of the state, and there was no ground for an injunction, there being no proper parties to execute an injunction bond." The question now under consideration was not discussed nor decided in that case. We do not think any of the authorities relied upon by the plaintiff are in point. Our conclusion on this branch of the case is that, in view of the fact that the relator was not discharging the duties of the office in question, and the defendant was in possession of the office and discharging its duties, the injunction was an attempt to transfer from the defendant to the relator, in advance of the determination of the case at law, the possession of the office; that such relief was unauthorized, and that the injunction should not have been issued.

V.    The district court adjudged that the relator was entitled to the office in question, and that the defendant be ousted from it, and restrained from in any manner interfering with the relator in discharging the duties of the office. The district court also found that a motion to dissolve the injunction which was filed by the defendant should be overruled. We are of the opinion, for the reason given, that it should have been sustained. It follows from what we have said that the judgment of ouster is correct, and should be enforced, and that so much of the judgment as gave effect to the injunction proceedings is erroneous. We are not advised

by the record nor by the arguments of counsel whether so much of the judgment as we find to be erroneous now has any practical effect, and in this condition of the record we find it necessary to remand the cause to the district court for such further proceedings, if any, respecting relief based upon the amendment to the petition and injunction, in harmony with this opinion, as may be desirable and proper.—MODIFIED and AFFIRMED.