THE DISTRICT TOWNSHIP OF GROVE v. THOMAS MYLES *et al.*, Appellants.

**Title to Office:** MAY NOT BE INDIRECTLY TRIED ON INJUNCTION. *School.* Suit by a school district to enjoin defendants from occupying a school house and teaching therein will not lie, the vital and underlying question being whether one of the defendants was entitled to hold the office of sub-director and to discharge the duties thereof, as claimed by him, by virtue of an appointment; the remedy at law being adequate to settle that question.

*Appeal from Humboldt District Court.*—HON. W. B. QUARTON, Judge.

WEDNESDAY, OCTOBER 25, 1899.

ACTION in equity for an injunction to restrain the defendants from occupying or using a certain school house, from teaching school therein, and from interfering with the teaching therein of one Estella Sullivan, and for general equitable relief. There was a hearing on the merits, and a decree for the plaintiff. The defendants appeal.—*Reversed.*

*G. H. Shellenberger* and *Botsford, Healy & Healy* for appellants.

*Prouty, Coyle & Prouty* for appellee.

ROBINSON, C. J.—The school house in question is in sub-district No. 6 of the territory of the plaintiff. The defendant Thomas Myles was director for that sub-district during the year which ended in March, 1897. An election to select his successor not having been held, he appeared

at the annual meeting of the board of directors of the plaintiff, held in the month specified, and stated that an election had not been held in his sub-district. The president of the board thereupon administered to him the oath of office. When the oath had been administered, he took part in the proceedings of the board. After it adjourned, he employed his sister and co-defendant, Tillie Myles, as teacher of the school in his sub-district. At a special meeting of the board held twelve days after the regular meeting, Dan Haney was appointed sub-director 'for sub-district No. 6, and he entered into a contract with Estella Sullivan to act as teacher of the school in that sub-district, and that contract was approved by the president of the board of directors. Estella Sullivan attempted to open a school in the school house, but was prevented from doing so by the defendants, who were then in possession of the school house. Miss Myles had been conducting a school therein several weeks when this action was commenced. The defendant Thomas Myles claims that before the oath of office was administered to him, as stated, the president announced, in the presence of the board, that, if there was no objection, Myles would be qualified as a director; that no objection was made, and that, by taking the oath under the facts stated, the defendant Myles became the duly qualified director; that there was no vacancy when Haney was appointed; that his appointment was without authority and irregular, and is illegal. For a further defense, the defendants allege that the court has no jurisdiction in this proceeding to determine the issues involved in this action. It is claimed by the defendants, in support of the defense last specified, that this is really an action to test the right of Thomas Myles to hold the office of sub-director. In response, the plaintiff claims that the defendants are mere trespassers; that this action was commenced to enable the plaintiff to regain possession of its property, and to restrain the defendants from continuing to trespass; that it is not an action between Haney and

Myles to determine which is entitled to hold the office of sub-director, but is by the plaintiff for the protection of its property.

The claim of the plaintiff is somewhat plausible, but is not, we think, sound. The question underlying the entire controversy, and upon the determination of which all other questions involved depend, may be stated as follows: Was Thomas Myles entitled to hold the office of sub-director, and to discharge the duties thereof, when this action was commenced? Section 1752 of the Code of 1873, as amended by chapter 19 of the Acts of the Twenty-fourth General Assembly, provided that "each sub-director shall, on or before the third Monday in March following his election, appear before some officer qualified to administer oaths, and take an oath to support the constitution of the United States, and that of the state of Iowa, and that he will faithfully discharge the duties of his office; and in case of failure to qualify, or the district fails to elect, the board shall fill the office by appointment." It may be true, as insisted by the plaintiff, that what was done at the regular meeting of the board of directors was not effectual as an appointment of Myles to succeed himself, but the fact remains that he claimed to hold the office, and to be entitled to discharge its duties by due authority, and that he was in actual possession of the school house under that claim. We said in *State v. Alexander,* 107 Iowa, 177: "It is the general rule that courts of equity have no jurisdiction to determine the respective rights of claimants to a public office, for the reason that the remedy at law is adequate; and it is also the general rule that an injunction will not lie to restrain a person acting as a public officer from exercising the functions pertaining to the office, on the ground that he is not entitled to the office." The case of *District Tp. v. Barrett,* 47 Iowa, 110, was an attempt to determine which of two persons had the right to teach school, and that question depended to some extent on who was the legal sub-director in the district.

township.   We held that the attempt was unauthorized, although it was suggested that an injunction might have been issued had a proper action been commenced, to the end that the school might continue until the action should be determined.   But the injunction sought in this action was not for the purpose of enabling the school in operation when it was commenced to continue, but to stop it.   The rule of the two cases cited is applicable to this, and requires us to hold that the relief, if any, to which the plaintiff is entitled, cannot be granted in this action.   The decree of the district court is therefore REVERSED.