Summers, J.
(dissenting). I am unable to concur in the opinion that this is a discovery and not an invention. Quo warranto is of ancient origin, but no precedent for the conclusion reached is cited and I suspect none can be found, and for the very good reason that the proceeding is legal and not equitable, and authority to allow an injunction incident exclusively to chancery jurisdiction. The question is not affected by the code of civil procedure for the reason that original jurisdiction in quo warranto is *351 conferred on this court by the constitution, which was adopted prior to the adoption of the code, and the jurisdiction so conferred is the common law jurisdiction in a proceeding in quo warranto, as it existed at the time of the adoption of the constitution. Clayton v. Freet, 10 Ohio St., 544; Hager v. Reed, 11 Ohio St., 626; Hartt v. Harvey, 32 Barb., 55, 66.
State ex rel. Campbell et al. v. Wolfenden et al., 74 N. C., 103, was a proceeding in the nature of a quo warranto and an injunction was asked until the final hearing of the case. The question of authority in such a proceeding to grant an injunction is not considered, but I suspect from Patterson v. Hubbs, 65 N. C., 119, that the question is settled by statute and a case based upon a statute is, of course, not a precedent. The opinion proceeds upon, the assumption that the power has not been conferred by statute and is to the effect that it could not be.
The question was made in The State v. Durkee et al., 12 Kan., 308, and if decided, the case supports this dissent.
The People v. Draper, 24 Barb., 265, also supports it, unless a distinction is to be taken between a case involving title to an office and one involving the existence of an office.
It is averred in the petition that the defendants, the Board of Deputy State Supervisors and Inspectors of Elections, have the right to the property belonging to that office, consisting of ballot boxes, books, papers, etc., and that they demanded possession of the same from the other defendants, assuming to be the other boards therein described, which was by them refused, and tha,t they unlawfully retain possession of the same and usurp and intrude *352 into and- unlawfully hold the said offices of such-boards; and the prayer is that-the defendants/claiming to be the board of deputy state supervisors,'and the defendants, claiming to be the city board of elections, be ousted from said offices and that the defendants, claiming to be the board of deputy state supervisors and inspectors of elections, be inducted into that office, and to its rights, privileges, and franchises, together with the property appurtenant to said office, that is, to the property previously described and averred to be in the possession of the other defendants, and the motion is to restrain the defendants, members of the first mentioned board, from interfering with the last mentioned and to restrain and enjoin them from withholding or detaining from the defendants, members of the last mentioned board, any of the property described in the petition.
The case differs in no respect from those referred to in the opinion.- In none of them has a court of equity found that a prima facie title gave it any power to interfere by a mandatory injunction directing a surrender of property, but on the. contrary, whenever, it has interposed, it has been in the exercise of its clearly defined jurisdiction to protect the possession of property.
Hullman v. Honcomp, 5 Ohio St., 238, and others, are to the effect that generally,, even a court of equity will not interfere. . .
That the legislature may confer power upon the court incident to its original jurisdiction to allow- an injunction finds support in Yeoman v. Lasley, 36 Ohio St., 416, but not that the power is inherent.
That the remedy hj quo warranto is not as speecly *353 or as efficacious as is desirable is not new (Cochran v. McCleary, 22 Ia., 75, 90), and in some of the states, for instance Tennessee and Maine, other remedies have been provided by statute.
In Prince v. Skillin, 71 Me., 361, 366, Appleton, C. J., says: “By quo warranto the intruder is ejected. By mandamus the legal officer is put in his place. The act c. 198, accomplishes by'one and the same process the objects contemplated by both these results. It ousts the unlawful incumbent. It gives the' rightful claimant the office to which he is entitled. It affords a speedy and effectual remedy instead of the tedious and dilatory proceeding of the common law. ’ ’
My excuse for indicating the reasons for my dissent is that the court being the exclusive judge of its own jurisdiction, ought not to exercise any hot «clearly possessed: