A. M. VETTE, Plaintiff, v. O. A. BYINGTON, Judge of the District Court, Defendant.

Election contests: EQUITABLE JURISDICTION: CERTIORARI. Equity will not undertake by injunction to determine the title to an elective office, and where the court has exceeded its jurisdiction in this regard certiorari will lie to correct the error.

WEDNESDAY, DECEMBER 12, 1906.

CERTIORARI proceedings to determine the validity of an order granting a temporary writ of injunction.—*Annulled.*

*J. B. Murphy* and *Popham & Havner,* for plaintiff.

*Thomas Stapleton, J. F. Kirby* and *J. H. Henderson,* for defendant.

SHERWIN, J.— The plaintiff and A. M. Henderson were candidates for the office of mayor of Marengo, Iowa, at the March, 1906, election, and the certificate of election was thereafter issued to Henderson. The plaintiff was the duly elected and qualified mayor at the time the said election was held, and instituted a contest to determine Henderson's right to the office. After notice of such contest, Henderson brought a suit in equity against Vette, alleging in his petition that he had been duly elected mayor of Marengo, and that a certificate of election had been issued to him by the proper officers, and in the manner prescribed by law, and that he duly qualified for said office; that the said Vette retained the books, papers, and seal of the office, signed warrants, and attempted to and did preside over the meetings of the city council, and that Vette had been interfering with him in the discharge of his official duties. An injunction was prayed, restraining the defendant from interfering with the plaintiff

in the discharge of the duties of said office, and from exercising the functions of the office himself; and that he be ordered to deliver over to the plaintiff the books, papers, and seal of the office.    To this petition the defendant answered, admitting that he retained the books and papers belonging to the office of mayor; alleging that he had evercised the functions and duties of the office since the March election, and that he refused, and still refuses, to " deliver or vacate the same to plaintiff."    Other affirmative defenses were pleaded, not necessary to a determination of the question before us, and a general denial.    On the issues thus joined there was a trial, which resulted in the issuance of a temporary writ, restraining the defendant from " interfering in any manner with the plaintiff in the discharge of his duties as mayor in the city of Marengo, and ordering the defendant to turn over to plaintiff all books, papers, and the seal of said office, and to refrain from exercising or attempting to exercise any of the rights of the mayor of said city."    In this proceeding the plaintiff alleges that the sole question for determination in the case of Henderson v. Vette was the right of the respective parties thereto to the office of mayor, and that the defendant had no jurisdiction as a court of equity to hear and determine such question.

Notwithstanding the naked allegation in the Henderson petition, that he was then in possession of the office, the facts alleged therein, and the finding of the trial court, conclusively show that Vette was in fact in full possession of the office at the time the suit was brought.    In a written opinion filed by the trial court, the order granting an injunction is justified on the ground that the plaintiff had established a *prima facie* right to the office, and was therefore legally entitled to hold the same during the pendency of the contest.    We understand that the trial court based this conclusion on the finding that there had been a legal election, a legal canvass of the votes cast for the office of mayor, a determination by the canvassing board that the plaintiff had a legal majority of

the votes cast, and a certificate issued to the plaintiff. It is a rule long established in this State, and indeed it is a general rule, that equity will not determine the title to an office, and that a court of chancery will not interfere by injunction, before a trial at law, in favor of an officer *de jure* against an illegal claimant when the latter is already in possession of the office, *State v. Alexander,* 107 Iowa, 177; *District Tp. of Grove v. Myles,* 109 Iowa, 541; *Cochran v. McCleary,* 22 Iowa, 75. This rule seems to be conceded by the defendant in argument, but he seeks to avoid its force by saying that there was a *prima facie* showing that Henderson was entitled to the office, and that he was, in fact, in possession thereof. If a court of equity has no jurisdiction to determine the title to an office, it must follow that it can make no difference in the application of the rule, whether the claimant out of possession demands the aid of equity to give him temporary or permanent possession thereof. It is a determination of title to put him in possession for any length of time, for, if he were absolutely without any show of title, no court would dispossess an officer *de facto* in his behalf.

It has been held that, where one is in possession of an office, either *de jure* or otherwise, equity will restrain interference with the exercise of the duties thereof. But, as we have heretofore said, the plaintiff herein, Vette, is conclusivly shown to have been mayor *de facto* when the writ was issued, and the rule cannot be applied in favor of Henderson. The defendant's contention that certiorari will not lie in this case cannot be sustained. It will always lie where the court has exceeded its jurisdiction; and we have held that equity has no jurisdiction to interfere by injunction in cases of this kind. State v. Alexander, *supra;* District Tp. of Grove v. Myles, *supra.* Our conclusion on this, the main proposition in the case, renders consideration of the other questions argued unnecessary.

For the reasons stated herein, the granting of an injunction was erroneous, and the order is therefore *annulled.*