Nov. Term,
1859.

MARKLE
v.
WRIGHT.

---

## MARKLE v. WRIGHT.

A suit for an injunction, is not the remedy for obtaining possession of an office to which a person has been elected, and from which he is illegally excluded by a usurper.

*Wednesday,*
*December 21.*

APPEAL from an order granting an injunction, made in vacation of the *Jasper* Circuit Court.

WORDEN, J.— *Wright* filed his complaint in the *Jasper* Circuit Court, alleging, in substance, that at the *October* election, for the year 1856, he was duly elected to the office of treasurer of said county, received his commission, took the oath of office, and gave bond as required by law; that *Markle* was his predecessor, whose constitutional term expired on the 12th of *August*, 1857; that on the 13th of *August* of that year, he demanded of *Markle*, the books, papers, &c., belonging to the office; but that *Markle* refused to surrender them, &c. Prayer for an order restraining and enjoining the defendant from exercising the functions of the office, and requiring him to surrender to the plaintiff, the appurtenances belonging to the office.

On application to the judge of the Court in vacation, the defendant appearing, an injunction was granted, requiring the defendant to forthwith surrender to the plaintiff, the appurtenances of the office, and to refrain from discharging, or pretending to discharge, any of the duties thereof, &c.

The defendant excepted to the order thus made, and from it appeals to this Court.

The question involved in the case, so far as the rights of the parties are concerned, is settled in favor of the plaintiff, *Wright*, by the case of *Howard* v. *The State*, 10 Ind. R. 99, and nothing further need be said in that respect. But the plaintiff has mistaken his remedy. We are of opinion that art. 8, 2 R. S. p. 59, does not give a remedy in such case, by injunction, and consequently that the order must be reversed.

An express remedy is provided by way of "information" (2 R. S. p. 198), and perhaps there may be some other remedies, but the above-cited statute, on the subject of injunctions and restraining orders, cannot be construed to authorize the Court, or judge in vacation, to make an order, by way of injunction, requiring the incumbent of an office, although his term has expired, and his successor has been duly elected and qualified, to transfer and deliver to his successor, the appurtenances of the office.

*Per Curiam.*—The order made below is reversed with costs. Cause remanded, &c.

*S. A. Huff*, *Z. Baird*, and *J. M. LaRue*, for the appellant.

*R. C.* and *J. Gregory*, *R. H. Milroy*, and *L. A. Cole*, for the appellee.