Valentine, J.
This seems to be intended as an action in the nature of quo warranto, with a prayer for an injunction as an ancillary proceeding. A temporary injunction was granted by the judge of the court below, restraining the defendants Durkee, Eastland, Kinney, Dunlap, Landis, Arbuckle, and Pratt from exercising the duties of or interfering with certain county offices of Russell county, which offices these defendants claimed respectively to hold and fill. After-*wards said temporary injunction was dissolved; and the state, as plaintiff in error, now brings the case to this court, and asks to have the order of said judge dissolving said injunction reversed. A temporary injunction was also granted against other persons, but as it was not dissolved no question is raised concerning it in this court.
The order of the district judge must be affirmed, in whatever aspect we may view this case. Whether this is quo ivarranto or a bill in equity, and whether the petition states facts sufficient to constitute a cause* of action or not, still the order of the judge dissolving said injunction was correct. The petition was sworn to, and made both a petition and an affidavit; and this was the only evidence presented to said district judge. Eor the purposes of this case we shall consider that the evidence sufficiently showed that J. W. Dollison, 0. W. Harshbaugh, John M. Bradbury, James Sellers, John Eritts, A. L. Yoorhis, and R. V. Kennedy were the county officers de jure for the offices which the above-named defendants claimed; but this may be questioned. But as to who were the officers de facto it is difficult to tell from the allegations of said petition. The allegations of the *250 petition on this subject are at least ambiguous, if not directly contradictory. Probably it would be fair to infer from the allegations of said petition that said defendants were and are the said county officers defacto, and that they also claim tobe said officers de jure. This is our interpretation of the petition; and with this interpretation, the' state, on the relation of the county attorney, clearly has no right to ask that the said officers de facto shall be restrained from the exercise of the duties and functions of their several offices pending this litigation. People v. Draper, 24 Barb. 265; Hartt v. Harvey, 32 Barb. 55; Cochran v. McCleary, 22 Iowa, 75; Markle v. Wright, 13 Ind. 548; Updegraff v. Crans, 47 Pa. St. 103; Hil. Inj. 446-449. The interest of the public requires that somebody should exercise the duties and functions of the various offices pending a litigation concerning them, *and no one has a better right to do so than the various officers de facto who claim to be officers de jure.
The order of the judge of the court below dissolving said injunction is affirmed.
(All the justices concurring.)