## JOHN T. BRAIDY v. FRANK THERITT.

OFFICE, AND OFFICER; *Person in Possession, not Ousted by Strategy.* Where an office is in dispute between two persons, and the one in actual possession of the office steps out of the place where the business is usually performed, but with no intention of abandoning the office, or of giving it to the other person, and such other person with full knowledge of the facts steps in and immediately proceeds to do business as though he was in fact the officer, *held*, that, as between such two persons, the one previously in possession must be considered as the officer *de facto*.

### *Error from Doniphan District Court.*

ACTION brought by *Frank Theritt,* A. J. Selover, and Henry Dockhorn, to enjoin and restrain *John T. Braidy,* Peter Deiter, and Benjamin Harding, who claimed to be councilmen of the city of Wathena, from acting together as the city council of said city, and to enjoin and restrain Christopher Nahrung, the mayor of said city, from recognizing said *Braidy* as such councilman. It was admitted by both parties that Selover, Dockhorn, Deiter and Harding, were councilmen, and that Nahrung was the mayor of Wathena. The contest was, whether *Theritt,* or *Braidy,* was the other councilman. Selover and Dockhorn recognized *Theritt;* the mayor, and Deiter and Harding, recognized *Braidy.* The petition for the injunction was filed May 3d 1875, and the motion for a temporary injunction was heard before the district judge, at chambers, May 17th. The district judge granted the temporary injunction, as prayed for by the plaintiffs, and the defendant *Braidy* appeals from such or-

der, and brings the case here for review. The material facts are stated in the opinion.

*W. D. Webb*, for plaintiff in error.

*Price & Heatley*, and *A. Perry*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Frank Theritt and others, against John T. Braidy and others, to restrain the latter from interfering with Theritt while discharging his duties as a member of the council of the city of Wathena. Said city was a city of the third class, and therefore its council consisted legally of five members. (Laws of 1871, page 122, § 15.) A. J. Selover, Henry Dockhorn, Peter Deiter, and Benjamin Harding, are admitted to have been four of such members. Who the other member was, is a disputed question. The office however belonged to Theritt, or to Braidy. Both claimed it. Both claimed to be entitled to the office, and both claimed to be in the actual possession thereof. And which was in the actual possession thereof, is really the only question that is now involved in this case. Or rather, the only question that is now involved in this case is, whether Theritt was in the actual possession of said office at the time that this action was commenced; for if he was not in such possession at that time, then he cannot maintain this action. All other questions have been settled and adjusted by the pleadings and evidence, leaving only this one question for our consideration.

It is admitted that for the year previous to the election held on April 5th 1875, Theritt was a member of the council, and had the actual possession of said office. And it is also admitted that Theritt continued in the actual possession of said office until April 30th 1875, when it is claimed by Braidy that he (Braidy) was duly qualified as the successor of Theritt, and that he (Braidy) took the actual possession of such office. Under the law, Theritt would have continued to hold said office until his successor was duly elected and qualified. (Laws

of 1871, page 120, § 5.) Theritt claims that he was his own successor, and that he not only held the office up to April 20th 1875, but that he still continues to hold the same. Theritt and Braidy were opposing candidates for said office at said election. Theritt claims that he received a majority of all the votes cast, and that he was therefore duly elected, but Braidy on the other hand claims that the vote was a tie as between himself and Theritt, and that the judges of the election under the law by lot decided in his Braidy's favor. (Laws of 1871, page 120, § 5.) Theritt however received the certificate of election, and qualified under the same, as his own successor, by taking the proper oath of office on April 13th 1875. On April 20th 1875, the council met in regular session — present, Councilmen Selover, Dockhorn, Deiter, Harding, and Theritt. There can be no question but that Theritt was at that time in the actual possession of the office. Braidy was also present. The mayor was also present, and presided at the meeting. On the first vote being taken, the mayor refused to recognize Theritt as a member of council, claiming that Braidy was elected to fill Theritt's place, whereupon Councilmen Selover, Dockhorn, and Theritt, retired from the meeting. Braidy was then sworn in as a councilman, and he with Councilmen Deiter and Harding proceeded to do business as a city council, and the mayor recognized them as such. Now evidently, Theritt, Selover, and Dockhorn had no intention of abandoning their offices when they retired from the council meeting. They did not intend to create vacancies in their offices, whereby Braidy or any one else could step in and become a member of the council, *de facto*, or otherwise. They simply intended to leave the council without a quorum, so that the mayor and the two members of the council who recognized Braidy's claims could not do any business. Theritt has never abandoned his office. He has never created such a vacancy in his office that any other person could step in and become an officer *de facto;* and therefore Braidy has not become a councilman *de facto*. Or at most, we do not think that he has become such an officer *de facto* that he can receive any benefit

therefrom as against the person whom he has illegally attempted to oust from office. As between Braidy and Theritt, Theritt must be considered as the officer *de facto*. It would be strange doctrine to announce, that whenever an officer steps out of the place where he usually does business, that any person who may choose to claim the office may at once step in, and become immediately an officer *de facto*. Such a short road to obtain a contested office has never yet been opened. This is not the legal way to obtain the possession of a disputed office. The only legal remedy in such a case for the party out of office to obtain possession of the same is by a civil action in the nature of *quo warranto*. We have already held that two persons cannot be officers *de facto* for the same office at the same time. (*McCahon v. Leavenworth Co.*, 8 Kas. 437.) And we have also held that the officer *de facto* is the proper person to hold the office pending any contest therefor. (*The State v. Durkee*, 12 Kas. 308, 314.) In the present case we have this state of facts, briefly stated: On April 20th 1875, Theritt had been acting as councilman for over a year, and was then attempting to act under a certificate of election for another year. Braidy had never (so far as the record shows) acted as councilman, and had no certificate of election. Theritt steps out of the place where the council did their business, and Braidy steps in. Theritt had no intention of abandoning the office, and Braidy well knew that Theritt claimed the office. Do these facts take the office away from Theritt, and give the same to Braidy? We think not. Certainly not as between Braidy and Theritt.

The order of the court below will be affirmed.

BREWER, J., concurring.

HORTON, C. J., not sitting in the case.