[ No. 2364.   Decided December 7, 1896.]

Robert B. Mullen, *Appellant,* v. City of Tacoma *et al., Respondents.*

INJUNCTION — TRIAL OF RIGHT TO OFFICE.

The right to hold a certain municipal office, as between two contestants therefor, cannot be litigated in an equitable action seeking injunctive relief.

Appeal from Superior Court, Pierce County.—Hon. John C. Stallcup, Judge.   Affirmed.

*Edward E. Cushman, Francis W. Cushman, Charles Ethelbert Claypool,* and *Doolittle & Fogg,* for appellant.

*Govnor Teats, John Paul Judson,* and *W. H. H. Kean,* for respondents.

The opinion of the court was delivered by.

Hoyt, C. J.—Appellant was a member of the Board of Public Works of the city of Tacoma.   Certain amendments to the charter had been declared adopted, the effect of which was to legislate him out of office, and to provide that substantially the same office should be filled by appointment.   He sought by this action to have the officers of the city restrained from carry-

ing into effect said amendments to the charter, on the ground that they had not been legally submitted to and adopted by the electors of the city.

The answer showed that one Thomas E. Doherty had been appointed to the office made vacant by such amendments, and that, if they had been properly adopted, he was entitled to the possession of the office. These facts appearing, it was held by the superior court that it had no jurisdiction in the premises, and the action was dismissed.

The suit was in equity and sought only equitable relief, and in our opinion the superior court was right when it held that, under the pleadings, no such relief could be awarded. The real object sought to be accomplished was to contest the right to the office as between the plaintiff and Doherty, who had been appointed to succeed him. This being so, it came within the general rule governing contests over the right to hold an office. It would be against public policy to allow the functions of the government to be arrested by injunction in aid of such a contest.

The judgment will be affirmed.

DUNBAR, ANDERS and SCOTT, JJ., concur.