[No. 2533.   Decided April 12, 1897.]

THE STATE OF WASHINGTON *on the Relation of Forrest E. Fairbanks et al.*, v. SUPERIOR COURT OF SNOHOMISH COUNTY AND FRANK T. REID, *Judge*.

INJUNCTION — PROTECTION OF DE FACTO OFFICER — PROHIBITION, WRIT OF — WHEN LIES.

The superior court has jurisdiction to restrain by injunction any interference with a de facto officer's possession of office by an adverse claimant, but cannot in such action determine the title to the office.

Prohibition will not lie to restrain the superior court in the exercise of its preventive jurisdiction for the protection of a de facto officer in the possession of his office under color of right from intrusion or molestation by one claiming the office de jure, since the findings and conclusions of the court as to the facts which constitute color of right and possession can only be reviewed on appeal.

*Original Application for Prohibition.*

*Metcalfe & Jurey*, and *Frank W. Clark*, for relators.
*Cooley & Horan*, for respondent.

The opinion of the court was delivered by

REAVIS, J.—Plaintiff in the suit in the superior court and the defendant Fairbanks were each candidates for members of the council of the city of Everett at the municipal election on the 8th of December, 1896. The result was a tie vote between them. Thereupon the city clerk, in pursuance of an ordinance under the charter of the city, decided the election by lot, and declared plaintiff the duly elected member of the council, and issued to him a certificate of election in due form. At the first meeting of the city council thereafter, on the 5th of January, 1897,

plaintiff and defendant each appeared in the council room, together with the other members of the council and the mayor. During this meeting the defendant Falconer was mayor. The defendant Fairbanks filed an affidavit to the effect that there was no fair lot cast by the clerk in determining the tie between plaintiff and defendant Fairbanks, and that the certificate of election held by plaintiff was fraudulent. The defendant Knapp then introduced the following resolution:

"Whereas satisfactory evidence has been produced to the council that no legal lot has been cast deciding the tie for councilman in the fourth ward, and no lot has been cast as provided by ordinance and resolution referring thereto, therefore, Resolved, that the certificate of election as heretofore issued to W. J. Gillespie declaring him elected as councilman from the fourth ward of the city of Everett be and the same is hereby declared null and void, and the seat now held by said W. J. Gillespie under and by virtue of said alleged certificate of election be and the same is hereby declared vacant."

A vote was taken upon the resolution, the defendants Knapp, Kellogg and Zimmerman voted in the affirmative, and the plaintiff and the three remaining councilmen voted in the negative. The mayor Falconer thereupon refused to recognize the vote of the plaintiff, and declared that the vote of the council was a tie, and he, in his capacity as mayor, then gave the casting vote and declared the resolution adopted. Thereupon a vacancy was declared to exist in the council by the same vote as that by which the resolution was adopted, and the mayor ordered that a ballot be taken for councilman to fill the alleged vacancy. The ballot was taken and Knapp, Kellogg and Zimmerman cast their ballots for the defendant Fairbanks, which three votes were the only votes cast, and then the mayor declared Fairbanks elected to fill the vacancy, and thereafter and

ever since the three councilmen, Knapp, Kellogg and Zimmerman, together with the mayor Falconer, refused to recognize the plaintiff as a member of the council; while the other three members of the council, together with the city clerk, recognized the plaintiff as the duly elected member of the council. The defendant Fairbanks persisted in usurping the place of plaintiff as a member of the council and voting in plaintiff's place. Plaintiff Gillespie filed his bill in equity in the superior court praying that the several defendants, the mayor Falconer and members of the council, Knapp, Kellogg and Zimmerman, be enjoined from recognizing Fairbanks as a member of the council, and further commanded to recognize plaintiff as a member of the council until a judicial determination of the controversy. The defendants objected to the jurisdiction of the superior court of the action, on the ground that it was a proceeding to determine the title to an office and not cognizable in a suit in equity. The court overruled this objection and proceeded to try the cause, but before the decree was filed defendants moved here for a writ of prohibition against the superior court on the ground of want of jurisdiction in that court to try the cause and issue an injunction as prayed for in the complaint. An alternative writ was granted here and, upon the return of the judge of the superior court, the facts as stated above are found.

At the trial of the cause in the superior court, and prior thereto, relators objected to the jurisdiction, but the judge distinctly stated in a written opinion that the title to the office of councilman could not be tried in the suit before him; that he only assumed to find which was the *de facto* councilman in possession of the office, and to protect such acting councilman from unlawful intrusion upon his office. At the trial plaintiff's complaint was amended so as to state clearly that plaintiff was in possession under color

of right of the office, and the prayer of the complaint was that plaintiff be protected in such possession until a judicial determination could be had of the right to the office in a proper action, and the superior judge returns here his findings of fact, and the judgment that will be entered, if not prohibited by this court.

The judgment of the superior court was that the defendants and each of them be enjoined and restrained from any attempt to oust plaintiff from the office of councilman and from any attempt to seat the defendant Fairbanks, and from any interference with plaintiff in the exercise of his rights and privileges by virtue of his possession of the office, until the title to the office shall have been regularly adjudicated and determined in a proceeding conformable to law, and especially enjoining the defendant Fairbanks from any attempt to exercise the rights or perform the duties of councilman until such adjudication.

The single question for determination here is the jurisdiction of the superior court in a suit in equity to protect a *de facto* officer in the possession of his office from intrusion or molestation by one claiming the office *de jure*. It is true, in the complaint made by the plaintiff in the superior court, he sets forth such facts as would establish his superior right to the office, and claims such superior right. But the amendments which were made at the trial, by direction of the court, merely left the facts stated in the complaint as explanatory of his *de facto* right to possession of the office. It is maintained by the relators here that the title to the office of councilman was directly put in issue by the pleadings, and that the superior court was thus divested of jurisdiction to hear the cause further. Relators assume that the case of *Mullen v. Tacoma*, 16

Wash. 82 (47 Pac. 215), sustains their position. In that case the court said:

"The real object sought to be accomplished was to contest the right to the office. . . . This being so, it came within the general rule governing contests over the right to hold an office. It would be against public policy to allow the functions of the government to be arrested by injunction in aid of such a contest."

The facts were not similar to those in the case at bar. Counsel for relators cite many authorities to support the proposition that a court of equity has no jurisdiction to interfere in election·contests and election matters by injunction, and has no jurisdiction to interfere in municipal elections and political matters. The soundness of these general statements of the law cannot be questioned, and the authorities cited fully sustain them. But High on Injunctions, § 1315, states what we conceive to be the generally accepted rule:

"While, as is thus shown, courts of equity uniformly refuse to interfere by the exercise of their preventive jurisdiction to determine questions relating to the title to office, they frequently recognize and protect the possession of officers *de facto*, by refusing to interfere with their possession in behalf of adverse claimants, or, if necessary, by protecting such possession against the interference of such claimants. . . . And the granting of an injunction in such case in no manner determines the questions of title involved, but merely goes to the protection of the present incumbents against the interference of claimants out of possession, and whose title is not yet established."

The text of High is well supported: *Brady v. Sweetland*, 13 Kan. 41; *Braidy v. Theritt*, 17 Kan. 468; *Guillotte v. Poincy*, 41 La. An. 333 (6 South. 507); *Palmer v. Foley*, 45 How. Pr. 110; *Appeal of Town Council*, 15 Atl. 730; Beach, Injunctions, § 1380.

One in possession of an office by virtue of a certificate of election issued by the proper officer and regular upon

its face is entitled to retain possession and perform the duties of the office without interference until such certificate is set aside in some appropriate procedure. The clerk who issued the certificate to plaintiff appears to have been the proper officer to make the certificate for the councilman. The plaintiff was in the council with this certificate, and was thus *prima facie* a member of the council, having taken the oath of office and duly qualified to exercise its duties. *People v. Miller*, 16 Mich. 56; *Kerr v. Trego*, 47 Pa. St. 292; *People v. Head*, 25 Ill. 325; 2 Dillon, Mun. Corp. (3d ed.), § 892. See, also, *State v. Jones*, 19 Ind. 356; *Hamlin v. Kassafer*, 15 Ore. 456 (15 Pac. 778, 3 Am. St. Rep. 176).

But we are rather inclined to conclude that it is not material here to inquire further into the return of the judge of the superior court than the bill of complaint and the conclusions of that court. These show that the plaintiff did not seek, and the court did not propose, to try the title to the office of councilman, but that court only determined to protect the possession of a *de facto* member of the council in his possession, and we are inclined to hold that the superior court, having jurisdiction to protect by injunction an officer in possession under color of right, must first find the facts which constitute such color of right and possession, and that such conclusions of fact by the superior court can only be reviewed on appeal to this court.

Having found jurisdiction of the cause in the superior court, the writ of prohibition is denied.

SCOTT, C. J., and ANDERS and GORDON, JJ., concur.