## LANDES ET AL. *v.* WALLS ET AL.

[No. 19,966.    Filed March 11, 1903.]

MUNICIPAL CORPORATIONS.—*Creation of New Wards.—Appointment of Councilmen.*—The common council of a city is authorized to appoint councilmen for newly created city wards under §3484 Burns 1901, which provides that all vacancies in the office of mayor, clerk, or councilmen in any incorporated city occurring in any manner shall be filled by the common council.  *p. 218.*

SAME.—*Redistricting.—Ordinance.—Publication.*—Section 3471 Burns 1901 does not require the publication of notice prior to the adoption of an ordinance redistricting a city into wards, and the operation of the ordinance is not postponed until after the time fixed for publication has expired.  *p. 218.*

EQUITY.—*Jurisdiction.—Title to Office.*—Courts of equity will not interfere to determine questions concerning the appointment or election of public officers or their title to office.  *p. 218.*

SAME.—*Officers De Facto.—Injunction.*—An injunction will not lie to restrain appointees from acting as members of a common council of a city, pending a contest as to title, where the appointees had back of them an ordinance purporting to establish a new ward, which if valid, would result in vacancies in the common council, and were armed with certificates of appointment from the proper appointing power, had qualified, and had been acting as members of the common council for months before their right to do so was called in question by such proceeding.  *pp. 219-222.*

INJUNCTION.—*Private Person.—Public Right.*—A private person can not maintain an injunction for the invasion of a public right, where the complaint fails to show a special injury to the complainant.  *p. 222.*

SAME.—*Municipal Corporations.—Suit by Members of Common Council.*—Individual members of a city council can not maintain an injunction for the protection of public rights.  *pp. 221, 222.*

SAME.—*Complaint.—Affidavits.*—Affidavits can only be considered as evidence of allegations made in a complaint for injunction, and can not be regarded as laying the foundation for equities not otherwise claimed.  *p. 223.*

From Putnam Circuit Court; *P. O. Colliver,* Judge.

Injunction proceeding by Edward McG. Walls and others against Frank L. Landes and another. From an interlocutory order granting a temporary injunction, defendants appeal. *Reversed.*

*S. A. Hays, B. F. Corwin, B. K. Elliott, W. F. Elliott* and *F. L. Littleton,* for appellants.

*H. H. Mathias* and *G. A. Knight,* for appellees.

GILLETT, J.—Appellees, three in number, insituted this action to restrain appellants from acting as members of the common council of the city of Greencastle until the determination of an action, by way of information, instituted in the name of the State, on the relation of the prosecuting attorney, in which the right of appellants so to act was drawn in question. On motion of appellees, a temporary injunction was granted. Appellants reserved an exception, and from said interlocutory decree they appeal to this court.

It is unnecessary to set out even a synopsis of the entire complaint. It discloses that on the 13th day of May, 1902, the common council of said city attempted to enact an ordinance providing, among other things, for the redistricting of said city for ward purposes, and that subsequently, but at the same meeting, the common council, by resolution, attempted to appoint appellants as members of such common council to fill two vacancies that said ordinance purported to create. The complaint sets out numerous matters that it is claimed were irregular in the enactment of said ordinance  It is disclosed that appellants immediately qualified upon the making of said pretended appointment, and that at the time of the filing of the complaint in this case, September 1, 1902, they were acting as members of said common council, and had been since their pretended appointment. The complaint also discloses that appellees are, and had been since a date prior to said 13th day of May, 1902, among the duly elected, qualified, and acting

members of said common council, and that appellees did not
vote for the enactment of said ordinance or the adoption of
said resolution. Appellees charge that appellants are usurp-
ing the functions of the members of said common council;
and it is further alleged, in effect, that, if the appellants
are not restrained, they will unite with the members of the
common council who voted for them in the passage and
adoption of certain measures to the injury of the public.

No question is made as to the power of the common
council to adopt an ordinance providing for the redistrict-
ing of the city for ward purposes. See §3470 Burns 1901.
The objections that are here made, in so far as they pertain
to the ordinance, relate to certain matters of parliamen-
tary law.

There is no question either, that is worthy of serious
consideration, as to the power of the common council to fill
a vacancy so created. §3484 Burns 1901; *State* v. *Gorby,*
122 Ind. 17. Under §3476 Burns 1901, it is clear that it
is contemplated that each ward shall have two councilmen,
and it would, therefore, follow, with a general power of
appointment vested in the common council, in the absence
of any restrictive provision, that whenever a new ward
comes into existence the common council should fill the
vacancies thereby created. Section 3471 Burns 1901 does
not require a publication of notice prior to the adoption of
the ordinance, and the operation of the ordinance is not
postponed until after the time fixed for publication has
expired.

Assuming the power of the common council to enact such
an ordinance and the power to fill the incidental vacancies
that may be so created, and we are far within established
doctrine in asserting that appellees should not have been
granted an injunction. The authorities clearly establish
that courts of equity will not interfere to determine ques-
tions concerning the appointment or election of public
officers or their title to office. *Markle* v. *Wright,* 13 Ind.

548; *Muhler* v. *Hedekin,* 119 Ind. 481; *Ex parte Sawyer,* 124 U. S. 200, 8 Sup. Ct. 482, 31 L. Ed. 402; *White* v. *Berry,* 171 U. S. 366, 18 Sup. Ct. 917, 43 L. Ed. 199; *Green* v. *Mills,* 16 C. C. A. 516, 69 Fed. 852, 30 L. R. A. 90 (opinion by Chief Justice Fuller); *Tappan* v. *Gray,* 9 Paige 507, 7 Hill 259; *People, ex rel.,* v. *Draper,* 24 Barb. 265; *Hagner* v. *Heyberger,* 7 Watts & Serg. 104, 42 Am. Dec. 220; *Appeal of Gilroy,* 100 Pa. St. 5; *Beebe* v. *Robinson,* 52 Ala. 66; *Kilpatrick* v. *Smith,* 77 Va. 347; *Coleman* v. *Glenn,* 103 Ga. 458, 30 S. E. 297, 68 Am. St. 108; *Patterson* v. *Hubbs,* 65 N. C. 119; *Delahanty* v. *Warner,* 75 Ill. 185, 20 Am. Rep. 237; *Sheridan* v. *Colvin,* 78 Ill. 237; *Neeland* v. *State, ex rel.,* 39 Kan. 154, 18 Pac. 165; High, Injunctions (3d ed.), §§1312, 1313, and see *Parmater* v. *State, ex rel.,* 102 Ind. 90. Various reasons have been assigned for the rule,—as the existence of an adequate remedy at law, the non-concern of equity with matters of a political nature, and the impolicy of interfering with a *de facto* officer pending a contest as to his title.

Appellees' counsel contend, however, that this is not a case of a contest; that the complaint shows that the offices have not been created that appellants respectively claim to hold. We realize that there ought to be some distinction made between cases where. the rights of third persons depend upon the validity of the acts of a person in possession and exercising the functions of an office and cases where the right of the latter to hold the office is drawn in question. There are a number of authorities which uphold the right of a court of equity to interfere on behalf of an officer *de facto,* claiming to be the officer *de jure,* to prevent another, especially an intruder, from wresting the office from him without process of law. *City of Huntington* v. *Cash,* 149 Ind. 255; *Parsons* v. *Durand,* 150 Ind. 203; *Braidy* v. *Theritt,* 17 Kan. 468; *Guillotte* v. *Poincy,* 41 La. Ann. 333, 6 South. 507, 5 L. R. A. 403; *State, ex rel.,* v. *Superior Court,* 17 Wash. 12, 48 Pac. 741, 61 Am. St. 893;

*Palmer* v. *Foley,* 45 How. Pr. 110. We need not pause to consider the basis on which these cases rest, for they go no further than to announce the authority of equity to maintain, without determining the title, the *prima facie* legal status of the situation until the question of title can be determined in the usual mode and by the appropriate tribunal. This proposition itself works the destruction of appellees' claim to an injunction on their own behalf, for appellants had back of them an ordinance purporting to establish a new ward, which, if valid, would result in vacancies in the common council, and were armed with certificates from the proper appointing power, had qualified, and had been acting as members of the common council for months before their right to do so was drawn in question by this proceeding. There can be no doubt as to what was the *prima facie* legal status of the situation at the time this action was brought.

An examination of some of the cases last cited will be instructive in this connection. *Braidy* v. *Theritt, supra,* states that the officer *de facto* is the proper person to hold the office pending a contest therefor. It is said in *Guillotte* v. *Poincy, supra,* where the defendant was out of possession, that "The plaintiff was entitled to relief by injunction in order to preserve the *status quo* until the right shall be judicially determined, which is the extent to which the injunction should go." In the case of *State, ex rel.,* v. *Superior Court, supra,* it was affirmed that "One in possession of an office by virtue of a certificate of election issued by the proper officer and regular upon its face is entitled to retain possession and perform the duties of the office without interference until such certificate is set aside in some appropriate procedure." The following is an extract from the opinion in *Palmer* v. *Foley, supra:* "Jurisdiction ought not to be assumed to oust an officer from an office held under the color of title 'until his right to such office has been settled in the mode prescribed by law.' Walter B. Palmer received

his appointment as deputy chamberlain from the chamberlain, who assumed, at least, to possess the power to make the appointment. He took possession of the office and has since discharged its duties. This gave him sufficient color of title to constitute him the *de facto* deputy, entitling him to hold the office until ousted by the judgment of the court. *Parker* v. *Baker,* 8 Paige 428. And being in possession he is presumed to hold *de jure* also."

We do not think that the case of *Kerr* v. *Trego,* 47 Pa. St. 292, that is relied on by counsel for appellees, affords them any real support. That was an extraordinary case, resting on an unusually broad grant of power. The case seems to belong in the class of cases we have just been considering. The general doctrines announced in the course of this opinion seem to have been held in Pennsylvania both before and since that decision. We can not consent to follow it, however, if it goes as far as counsel contend. New cases may illustrate or enlarge the operation of the principles on which courts of equity act, but the courts are not at liberty to depart from those principles. Story, Eq. Jurisp., §§10-20; *State, ex rel.,* v. *Cunningham,* 83 Wis. 90, 53 N. W. 35, 35 Am. St. 27, 17 L. R. A. 145; High, Injunctions (3d ed.), §7. Appellees were not entitled to an injunction in their own right.

The further claim advanced on behalf of appellees, that they were entitled to maintain an injunction on behalf of the public, is also destitute of merit. Some of the distinctively prerogative writs of the common law—as *habeas corpus* and mandamus—that issued originally on motion showing probable cause for invoking the extraordinary power of the crown to assist the party (3 Blackstone, Comm., 132), have become to a large extent writs of right. High, Extra. Leg. Rem., §431; *Hamilton* v. *State, ex rel.,* 3 Ind. 452; *Board, etc.,* v. *State, ex rel.,* 86 Ind. 8; *Union Pac. R. Co.* v. *Hall,* 91 U. S. 343, 23 L. Ed. 428. On the other hand, while the writ of injunction has been used to a

limited extent to protect public rights, yet as to rights that immediately affected the public, the bill or information has always been exhibited by one who strictly represented the public. In such cases the practice in England warranted the joining of a relator as an act of favor on the part of the Crown, that there might be a person responsible for costs; and where an individual had a special interest in the suit it was permissible to join his personal complaint with the information, the two forming together an information and bill. Mitford & Tyler, Pl. & Pr. in Eq., 118, 119; Adam's, Equity (8th ed.), *301. The authorities, however, without exception, both in England and America, deny to a private person an injunction for an invasion of the public right where the bill or complaint fails to show a special injury to the complainant. 4 Blackstone, Comm., 167; *McCowan* v. *Whitesides,* 31 Ind. 235; *Cummins* v. *City of Seymour,* 79 Ind. 491, 41 Am. Rep. 618; *Indiana, etc., R. Co.* v. *Eberle,* 110 Ind. 541, 59 Am. Rep. 225; *Manufacturers Gas, etc., Co.* v. *Indiana Nat. Gas, etc., Co.,* 155 Ind. 566, 50 L. R. A. 768; *Doolittle* v. *Supervisors,* 18 N. Y. 155; *People, ex rel.,* v. *Stevens,* 5 Hill 616; *State, ex rel.,* v. *Lord,* 28 Ore. 498, 43 Pac. 471, 31 L. R. A. 473; *State* v. *Cunningham,* 83 Wis. 90, 53 N. W. 35, 35 Am. St. 27, 17 L. R. A. 145. Equity has no writs that may be said to found jurisdiction. Its processes are remedial, and the bill or complaint must on its face disclose a case for equitable intervention. Story, Eq. Pl. (10th ed.), §10; High, Injunctions (3d ed.), §7; *State, ex rel.,* v. *Lord, supra; State* v. *Cunningham, supra.* The appellees are not the city, and, outside of their official duties as outlined by statute, they in nowise represent it. The allegations as to a probable injury to the inhabitants of the city in general add no strength to the complaint. *Farris* v. *Jones,* 112 Ind. 498, 503.

We need not determine whether the bill of exceptions is in the record. If the complaint failed to state a cause of

action for an injunction, interlocutory or final, the motion for a temporary injunction should have been denied. Affidavits are only to be considered as evidence of allegations made in the complaint, and can not be regarded as laying the foundation for equities not otherwise claimed. Kerr, Injunctions, *612. See *Clark* v. *Town of Noblesville,* 44 Ind. 83.

Judgment reversed, with an instruction to the court below to dissolve the temporary injunction.