## STATE EX REL. ATTORNEY GENERAL v. DAVIES et al.

(136 N. W. 955.)

**Counties — county commissioners — vacancies.**

    Where the number of county commissioners has been increased by a vote of the county as provided in § 2386, and the county has been redistricted as provided in § 2387, Rev. Codes 1905, a vacancy arises in the office of county commissioner of each of the new districts, which is properly filled under the provisions of chap. 66, Sess. Laws 1907.

Opinion filed May 24, 1912.

Appeal by plaintiff from a judgment of the District Court for Burleigh County; *Winchester, J.,* in defendants' favor in an action brought to oust defendants from office.

Affirmed.

*Andrew Miller,* Attorney General, *Alfred Zuger,* and *C. L. Young,* Assistant Attorneys, for appellant.

A provision for the redistricting of a county or the reapportionment of election districts is wholly prospective in its operation. State ex rel. Howard v. Haverly, 63 Neb. 87, 88 N. W. 172; Brungardt v. Leiker, 42 Kan. 206, 21 Pac. 1065; Norwood v. Holden, 45 Minn. 313, 47 N. W. 971; Tuohy v. Chase, 30 Cal. 525; People v. Murray, 15 Cal. 221; People v. Allen, 6 Wend. 486; People v. Peck, 11 Wend.

604; Marchant v. Langworthy, 6 Hill, 646; Ex parte Heath, 3 Hill, 42; 2 Lewis's Sutherland, Stat. Constr. § 612.

*Engerud, Holt, & Frame,* for respondent.

A "vacancy occurs" in an office whenever there is no incumbent, whether the absence of an incumbent is due to the retirement of a previous incumbent of a pre-existing office, or is due to the recent creation of an office for which there never has been an incumbent. Throop, Pub. Off. § 431; Walsh v. Com. 89 Pa. 425, 33 Am. Rep. 771; State ex rel. Henderson v. County Ct. 50 Mo. 317, 11 Am. Rep. 415; Stocking v. State, 7 Ind. 326; Collins v. State, 8 Ind. 344; State v. Scott, 36 W. Va. 704, 15 S. E. 405; State ex rel. Rhodes v. Hampton, 101 N. C. 629, 8 S. E. 219; State ex rel. Smith v. Askew, 48 Ark. 82, 2 S. W. 349; State ex rel. Brown v. McMillan, 108 Mo. 153, 18 S. W. 784; State ex rel. Clark v. Irwin, 5 Nev. 111; People v. Osborne, 7 Colo. 605, 4 Pac. 1074; Landes v. Walls, 160 Ind. 216, 66 N. E. 679; State ex rel. Collett v. Gorby, 122 Ind. 17, 23 N. E. 682; Re Fourth Judicial Dist. 4 Wyo. 133, 32 Pac. 850; Gormley v. Taylor, 44 Ga. 76; State ex rel. Whitney v. Johns, 3 Or. 537.

Commissioners who were elected for the districts which formerly included the newly created fourth and fifth districts ceased to be residents of those districts when the new districts were created and segregated from the old districts of which they were formerly part. People v. Morrell, 21 Wend. 563; State ex rel. Hartshorn v. Walker, 17 Ohio, 135; State ex rel. Ives v. Choate, 11 Ohio, 511; Carleton v. People, 10 Mich. 250; People v. Brite, 55 Cal. 79; Yonkey v. State, 27 Ind. 236; Re Bagley, 27 How. Pr. 151; Throop, Pub. Off. § 424.

BURKE, J. At the 1910 general election one of the counties of this state voted to increase the number of its county commissioners from three to five, under § 2386, Rev. Codes 1905. Thereafter, and in accordance with § 2387, the old board met and redistricted the county into five districts, and still later, in accordance with chap. 66, Sess. Laws 1907, met with the county judge and auditor, and appointed two new commissioners for the two new districts. This action is brought by the attorney general of the state to oust the two appointees.

The attorney general concedes in his brief that the county has been divided into five districts. He also concedes that the law is fairly well

settled to the effect that if new *offices have been created,* vacancies existed and were properly filled, but he asserts the proposition that the mere fact of redistricting the county did not *create* new *offices.* It seems to be his position that the new districts were formed merely as a preparation for the next general election, and that until such election had been held, the office was in abeyance. This ingenious position is not supported by any authorities, and does not stand the test of logic.

Of course, the legislative intent is to be sought and enforced, and in determining such intent we need to quote from §§ 2386–7 but meagerly. The first mentioned section says that "the number of county *commissioners* of any county may be increased to five," etc., in the manner named. It does not provide that the number of districts shall be increased. Section 2387 provides that the old board shall meet within ten days after the votes shall have been canvassed, and "divide the county into five districts." Chapter 66, Rev. Laws 1907, passed two years after the 1905 Revised Codes, has an emergency clause, and provides for the filling of vacancies by the old board with the aid of the county judge, auditor, and if necessary, the county treasurer. It seems to be well settled that the legislature may *designate* a new district and delay the *creation* thereof until the election of an official to fill the same, as was done in the case of State ex rel. Erickson v. Burr, 16 N. D. 581, 113 N. W. 705, but in the absence of a legislative intent to delay the creation of the office, the formation of the district carries with it the formation of the office, and a vacancy exists instanter.

State ex rel. Smith v. Askew, 48 Ark. 82, 2 S. W. 349; Landes v. Walls, 160 Ind. 216, 66 N. E. 679; State ex rel. Brown v. McMillan, 108 Mo. 153, 18 S. W. 784. These three cases go fully into the merits of the controversy and are very instructive. From the last-named case we quote briefly: "We think that both authority and the spirit of our institutions favor the view that when an office is created and no restrictions for filling the vacancy are imposed, a vacancy arises *ipso facto. . . .* Nor are we impressed with the reasons that relator seems to think actuated the legislature in refusing representation to the new wards till a general election. Taxation without representation has ever been resisted in the United States. . . . We can see no sound reason why the property owners in those new wards should be denied representation in the council. Certainly in the absence of a very clear-

ly expressed intention to the contrary we will not give such a construction."

In the case at bar we think that not only is there no legislative intent to postpone the creation of the new offices, but, on the contrary, a fair reading of the various sections shows the legislature mean their immediate creation. Otherwise, why the haste of a meeting within ten days? Had the legislative intent been to merely designate the districts for a future election, such results could have been accomplished at the first regular meeting of the board as well, and would probably have been delayed until the meeting before the general election wherein election precincts are generally designated. It follows that the objections raised by the attorney general are unsound, and the defendants are entitled to occupy the offices to which they have been appointed.

The learned trial court was right in his decision, and it is affirmed.