SCHOOL DISTRICT NO. 47 IN WASECA COUNTY v. CARL WEISE and Another.

June 28, 1899.

Nos. 11,700—(106).

**Injunction—Title to Office—Trustees of School District.**

While proceedings by injunction cannot be used to determine disputed title to offices, they may be used to protect the possession of officers de facto against the interference of claimants whose title is disputed until they shall establish their title by appropriate judicial proceedings, at least when the title is doubtful, or the facts upon which it depends are disputed and uncertain. Whether an injunction would lie where it conclusively appears that the incumbent is not an officer de jure, and that the claimant is entitled to the office, quære. *Held*, that in this case an injunction was properly refused, at least because it did not appear that the petitioner was still the actual incumbent of the office.

Action in the district court for Waseca county to enjoin defendants from acting as trustees of plaintiff school district. The case was tried before Buckham, J., who found in favor of defendants; and from a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*F. B. Andrews* and *John Moonan*, for appellants.

The title of Henderson and Roesler cannot be tried in this action. If they were officers de facto, this action would lie to prevent defendants from intruding into the offices till the title of such de facto officers should be determined in a proper legal proceeding. Burke v. Leland, 51 Minn. 355; Dickey v. Reed, 78 Ill. 261; Muhler v. Hedekin, 119 Ind. 481; Osgood v. Jones, 60 N. H. 543; Demarest v. Wickham, 63 N. Y. 320; Throop, Pub. Off. § 850. One who obtains office with the legal indicia is a legal officer till ousted.

Board v. Benoit, 20 Mich. 176. There cannot be two incumbents. Hallgren v. Campbell, 82 Mich. 255. If defendants are entitled to prevail, it must be found that Henderson and Roesler had acquiesced in their removal and in the election of defendants as their successors. Hallgren v. Campbell, supra. The finding that Henderson and Roesler were acting as such trustees holding office is in effect a finding that they duly qualified. Throop, Pub. Off. § 171; First v. Township, 46 Mich. 526. Injunction will lie to prevent defendants from intruding till they have established their titles at law. Guillotte v. Poincy, 41 La. An. 333; 1 High, Inj. (2d Ed.) § 315; Brady v. Sweetland, 13 Kan. 41; Palmer v. Foley, 45 How. Pr. 110; 2 Beach, Inj. § 1380; State v. Superior, 17 Wash. 12; Ehlinger v. Rankin, 9 Tex. Civ. App. 424. Henderson and Roesler are at least de facto officers. 5 Wait, Act. & Def. 7; Bucknam v. Ruggles, 15 Mass. 180; Com. v. McCombs, 56 Pa. St. 436; State v. Howe, 25 Oh. St. 588; Brady v. Theritt, 17 Kan. 468; State v. Mayor, 52 N. J. L. 332; People v. Ferris, 76 N. Y. 326; Matter of Gardner, 68 N. Y. 467; People v. Lane, 55 N. Y. 217; People v. Mayor, 3 Johns. Cas. 79.

Election by acclamation at a regular meeting where such officers were to be elected was at most an irregularity, and merely voidable. Throop, Pub. Off. § 633; Fulton v. Town of Andrea, 70 Minn. 445. On the question of vacancy when defendants claim election, see Cronin v. Stoddard, 97 N. Y. 271; State v. Thompson, 9 Oh. C. C. 161.

*P. McGovern,* for respondents.

MITCHELL, J.

The material findings of fact are as follows: At the annual school meeting held in the above district on July 20, 1897, the terms of office of director and treasurer of the district had expired, and by acclamation one Henderson was elected director and one Roesler treasurer of the district, but no ballot was had to fill either of the offices, nor was any ballot cast for either of the persons above named. After such election by acclamation, Henderson and Roesler acted as trustees of the district until the next annual school meeting, held June 18, 1898, at which time, by ballot, in accordance with law, the defendants Bushow and Weise were respectively

elected director and treasurer of the district, and thereafter each of them accepted the office to which he was elected, and duly qualified as such. During all this time one Edward Weise was the duly elected and qualified clerk of the district. At the annual school meeting in June, 1898, the legal voters of the district voted to change the location of the school house to a more central site. After their election as trustees of the district, the two defendants and Weise, the district clerk, were intending to hold a meeting as trustees to consider and act upon the determination of the voters in reference to changing the school-house site, but before such meeting was held, or any action taken by them as trustees under such resolution or otherwise, they were served with an injunction issued in this action, and in obedience thereto they have ever since refrained from acting in the capacity of trustees of the school district.

This action was brought by Henderson and Roesler in the name of the district to enjoin the defendants from acting or attempting to act as trustees of the district. Upon the above findings of fact the court held, as a conclusion of law, that the plaintiffs were not entitled to a permanent injunction, and ordered that the temporary injunction be dissolved, and the action dismissed on the merits.

The pretended election of Henderson and Roesler by acclamation was clearly invalid, because the statute expressly provides that such elections must be by ballot. G. S. 1894, § 3677. Therefore it was the right as well as the duty of the voters of the district to elect a director and a treasurer at the annual school meeting held in June, 1898. The defendants were respectively elected to these offices at the meeting, and have accepted the offices, and qualified as such. They are therefore the de jure trustees of the district, and Henderson and Roesler have no right to the offices.

The position of the latter is that they are still in possession of the offices as de facto officers, and that, while proceedings by injunction cannot be used for the purpose of determining a disputed title to an office, yet they may be properly used to protect the possession of officers de facto against the interference of claimants whose title is disputed until they shall establish their title by appropriate judicial proceedings. This would seem to be a very

reasonable rule in cases where the facts upon which the title to the office depends are disputed and uncertain, but it would seem anomalous for a court of equity to exercise its preventive jurisdiction in favor of one who, upon the undisputed facts, had no right to retain possession of an office against another who, upon the equally undisputed facts, was entitled to it.

But assuming, without deciding, that the rule invoked by appellants is as broad in its application as they claim for it, the facts found (which is all we have before us) are insufficient to bring them within it. There is no finding that the appellants are still actual incumbents of these offices. The findings of the court are merely that they acted as trustees until the annual school meeting in 1898, at which the defendants and respondents were elected; that thereafter the latter accepted the offices, and duly qualified as such, and that since that election both parties have claimed to be trustees of the district with authority to act as such; but there is no finding that since such election the appellants have assumed to exercise any of the powers or perform any of the duties pertaining to the office. It further appears that the clerk, who has possession of the records of the district and of the board of trustees, recognizes and co-operates with the respondents as lawful members of the board. When a party who clearly has no right to an office is invoking the equitable powers of the court against one who, upon the established facts, is clearly entitled to it, if he has any right at all to the aid of the court, he ought, at least, to establish positively, and in no uncertain terms, that he is the actual incumbent of the office.

Judgment affirmed.

CANTY, J.

I concur in the result. The claimant in possession of the office cannot bring quo warranto against the claimant out of possession, because he, the former claimant, is in possession, and he has no remedy but to resort to equity for an injunction to prevent the latter claimant from forcibly ousting him. But, under the old practice, the equity court had no jurisdiction to try the title to the office, and all it could do was to enjoin the claimant out of

possession until he should establish his right to the office in a court of law. No such difficulty exists under our practice, where law and equity are administered by the same court in the same action. When the court takes jurisdiction for the purpose of issuing such an injunction, there is no reason why it should not go on and try the rights of the parties to the office. Therefore I am of the opinion that the claimant in possession is not entitled to such an injunction, unless he shows that he has a better right to the office than the claimant whom he seeks to enjoin. This the plaintiff did not do, and the judgment should be affirmed.