EDGAR H. HOTCHKISS, TRUSTEE, APPELLANT, V. MOSES H. KECK ET AL., APPELLEES.

FILED MARCH 10, 1910. No. 15,696.

1. **Village Trustees: TERM OF OFFICE.** One who is elected and serves a term as trustee of a village is entitled to hold over after his term expires until his successor is elected and qualified.

2. ———: ELECTION: DUTY. OF BOARD OF CANVASSERS. It is the duty of the board of canvassers of the election returns to determine whether a candidate for the office of trustee of a village was elected, and, if so, to issue their certificate to that effect. If they refuse the certificate, the candidate has no *prima facie* right to the office.

3. **Officers:** USURPATION OF OFFICE: INJUNCTION. If one without any *prima facie* right to an office attempts to take possession of the office and discharge the duties thereof, a court of equity, at the suit of the incumbent of the office, will restrain him from so doing.

REHEARING of case reported in 84 Neb. 545. *Former judgment vacated and judgment of district court reversed.*

SEDGWICK, J.

A rehearing was granted in this case, and the cause has been submitted anew upon the record and argument of counsel.

An election was held in the spring of 1908 in the village of Valparaiso, in Saunders county, at which three members of the board of trustees of the village were to be elected, two members to succeed the plaintiff in this case and one J. P. Moor, whose respective terms of office expired at that time, and one member to fill a vacancy caused by the resignation of one Scott, whose term for which he was elected would expire in the spring of 1909. More than six months before the election of 1908 Mr. Scott had resigned, and no appointment had been made to fill the vacancy. Each of two parties had nominated three candidates to be voted for àt the said election of 1908, and the names of these six candidates were placed upon the ballot without any designation as to the terms for which they were respectively to be elected. When the village board met to canvass the result of the election, not being able to determine for which term any one of the candidates was elected, they counted and declared the number of votes that each candidate had received and refused to issue any certificate of election. After this count of the village board the defendants Pokorny and

Tucker, who were two of the said six candidates, claimed that they were entitled to hold the office, and, with the consent of the other two members of the board whose terms of office had not expired, they assumed to meet with the members and act as members of the board. The plaintiff, claiming that no one had been elected and qualified to succeed him as a result of the election, was attempting to hold the office under section 5756, Ann. St. 1909. The defendants refused to recognize him as a member of the board, and he brought this action in the district court for Saunders county against the said Pokorny and Tucker and the two members of the board whose terms of office had not expired, to enjoin the defendants from interfering with the plaintiff in the discharge of his duties as trustee of said village. There was a general demurrer to the plaintiff's petition, which was sustained by the district court, and the plaintiff declined to plead further. His action was dismissed, and he brought the action here by appeal.

Section 62, art. I, ch. 14, Comp. St. 1909, provides: "Certificates of election for all officers of cities and villages shall be made out under the corporate seal by the city council or board of trustees, at their first meeting after any election of such officers." The plaintiff insists that the defendants Pokorny and Tucker had no color of right to the office without the certificate of election duly issued as the statute provides, and that they were merely intruders, interfering with the rights and duties of the plaintiff as an incumbent of the office.

The defendants insist that, as the petition does not show the number of votes received at the election by each of the candidates, it must be considered that these defendants Pokorny and Tucker received the largest number of votes, and that, although the canvassing board refused to declare them elected and issue them certificates of election, the fact of their receiving the largest number of votes furnishes such color of right to the office that with the consent of the remaining members of the board  hey

might take possession of the office to the exclusion of the plaintiff, and, they being in possession of the office and *de facto* officers, the plaintiff cannot contest their right by summary proceedings of injunction.

Of course, an action of injunction is not the proper remedy to try title to public office. The many authorities cited by defendants in their brief establish that proposition, if indeed there was ever any doubt in regard to it. The law is just as clear that, where one is an incumbent holding the office under a *prima facie* legal right and performing the duties thereof, a court of equity will restrain an intruder from interfering with the proper exercise of those duties. That the plaintiff held this office for a term of two years ending in 1908 is conceded, and under the statute above cited there can be no doubt of his right to hold over until a successor is elected and qualified. It is, of course, equally clear that the defendants, one of whom was a candidate for election as a successor of the plaintiff, are not invested with the power or jurisdiction to determine for themselves whether they were duly elected. The law provides a tribunal to determine this question, and their determination is final until set aside by a court of competent jurisdiction. Under the statute cited above it was the duty of the board of trustees to determine whether the respondents, who were candidates at that election, had been duly elected, and, if they had been, to issue their certificates to that effect, which would give the officers so elected *prima facie* right to the office. There is no doubt that if the proper officers wilfully refused to canvass the votes and certify the result, and the right of the candidates elected was clear, the officers could be compelled by mandamus to canvass the returns and issue the certificate of election. The canvassing board refused to declare the defendants Pokorny and Tucker elected or to issue a certificate of election, and therefore on the face of the proceedings they were not entitled to the office, and the plaintiff was entitled to hold the office until it should be regularly established that

his successor had been elected and qualified. Not having any right to the office upon the face of the proceedings, it is equally clear that the defendants Pokorny and Tucker could not introduce themselves into the office so as to become officers *de facto* while the plaintiff was holding the office and against his protest, and the members of the board who countenanced and assisted them in so doing were acting equally in violation of the law and of the plaintiff's rights. In such case there is no doubt that a court of equity should intervene to protect the plaintiff in the exercise of his right to the office.

The term of office in controversy will expire in a few weeks. The right of the plaintiff depends upon the simple propositions that he was entitled to hold over, and that the defendants Pokorny and Tucker had no certificates of election. If the defendants could have controverted these simple propositions of fact, they should, in an action of this kind, have done so, and after such protracted and expensive litigation they should now be required to stand upon the record they have made.

Our former judgment is set aside, and the judgment of the district court reversed and the cause remanded, with instructions to make the injunction perpetual as prayed in the plaintiff's petition.

JUDGMENT ACCORDINGLY.