FRANK O. KUCERA, APPELLEE, v. FRED H. ALLEN ET AL., APPELLANTS.

FILED FEBRUARY 15, 1919. No. 20856.

Officers: DE FACTO OFFICER: INJUNCTION: TITLE. The right of a *de facto* officer to avail himself of a writ of injunction to enjoin interference or disturbance while in the possession of his office exists and is a proper remedy, and this procedure does not prevent adverse claimants from trying the right of title to the office in question.

APPEAL from the district court for Saline county: RALPH D. BROWN, JUDGE. *Affirmed.*

*Charles F. Barth,* for appellants.

*Glenn N. Venrick, contra.*

Aldrich, J.

This action was brought by the plaintiff against three members of the board of trustees of the village of Tobias, and one Mastin, to restrain them from interfering with him in the discharge of his official duties as one of the trustees of that village, from disturbing him in the exercise of the duties of his office, and to restrain Mastin from participating in any meetings of the village board.

In November, 1917, plaintiff was appointed trustee to fill a vacancy. He duly qualified and entered upon the discharge of his duties. The annual election was held the next April. At that time Mastin and himself received the same number of votes, and it was declared by the village board that neither was elected. The petition alleges that afterwards an alleged recount was had, and a certificate of election issued to Mastin, but that the same was void and of no effect. The plaintiff duly filed his oath as a hold-over officer and continued to act until Mastin and the other defendants refused to allow him to take part in the proceedings of the board, although he attempted to do so. The district court found for the plaintiff, and defendants appeal.

The main question in the case is whether plaintiff was entitled to bring this action, or whether he can only maintain proceedings in *quo warranto*. In *Hotchkiss v. Keck*, 86 Neb. 322, it was said: "Of course, an action of injunction is not the proper remedy to try title to public office. The many authorities cited by defendants in their brief establish that proposition, if indeed there was ever any doubt in regard to it. The law is just as clear that, where one is an incumbent holding the office under a *prima facie* legal right and performing the duties thereof, a court of equity will restrain an intruder from interfering with the proper exercise of those duties." Plaintiff was in possession of the office and exercising his functions and duties as a *de facto* officer until after the alleged recount. This

being the case, he was in possession of the office, and Mastin claiming under the recount was not entitled to take forcible possession. He is entitled to prosecute his action in *quo warranto* to ascertain by what right the plaintiff is holding the office. If that suit be determined in his favor, the court will at once place him in legal and orderly manner in possession of the same.

The appellee, being a *de facto* officer, has no need to try a controversy over the title to the office in order to protect his position. See *Ekern v. McGovern,* 154 Wis. 157; *Blain v. Chippewa Circuit Judge,* 145 Mich. 59. A *de facto* officer has the right to avail himself of a writ of injunction to enjoin interference while in possession of the office. 2 High, Injunctions, sec. 1315. Appellee is simply resorting to the remedy by injunction for the purpose of protecting his position against interference of adverse claimants whose title is disputed. *Remelin v. Mosby,* 47 Ohio St. 570. The appellee herein, it seems, is holding the office in question under a *prima facie* legal right, and as he is holding his position by virtue of holding over, and his successor not having been elected and qualified, he is a *de facto* officer notwithstanding the existence of a *bona fide* dispute between him and a claimant as to the title of the office. Thus it seems clear that, while appellee is acting as a *de facto* officer, he should not be disturbed in the exercise of this right, or in doing or performing all of the duties attendant upon his position, and is entitled to every protection necessary in the fulfilment of his position. "It is a proper exercise of discretion to restrain interference * * * in the performance of duty" until one's title while acting is determined in a proper proceeding instituted therefor. See *Blain v. Chippewa Circuit Judge,* 145 Mich. 59. It is contended that the certificate of election is conclusive evidence of the right of Mastin to the office under *State v. Frantz,* 55 Neb. 167. The alleged certificate was not made by the proper body, nor at the

proper time, nor in accordance with the law; hence the above principle is not applicable.

The finding and judgment of the trial court is free from errors and should be

AFFIRMED.

SEDGWICK and CORNISH, JJ., not sitting.